## 64649. CARSON et al. v. MORRIS.

SHULMAN, Presiding Judge.

Appellee's suit against appellant was first scheduled for a bench trial, but was reset for a jury trial. When the case was called the second time, the pro se appellant was not present. On appellee's motion, appellant's answer was stricken and default judgment was entered against him. Appellant subsequently retained counsel and filed an extraordinary motion for new trial or, in the alternative, to set aside the judgment. This appeal is from the denial of appellant's motions. The two issues presented are whether the practice of publishing trial calendars as the only notice of trial is a due process violation and whether the trial court abused its discretion in denying the relief appellant sought.

1. There is no question in this case concerning the publication of notice of trial in the appropriate legal organ. Nor is there any question but that such publication is sufficient notice pursuant to Code Ann. § 81A-140 (c) (OCGA § 9-11-40 (c)). *Spyropoulos v. John Linard Estate,* 243 Ga. 518 (255 SE2d 40). However, appellant argues, compliance with statutory mandates is not necessarily the same as compliance with constitutional mandates. We agree with that assertion as an abstract statement of law and with appellant's further assertion that there are no cases in Georgia specifically holding that the type of notice involved in this case comports with constitutional requirements of procedural due process. We cannot agree, however, with appellant's conclusion that publication of trial calendars as the only notice of trial is a deprivation of due process.

" 'The fundamental requisite of due process of law is the opportunity to be heard,' [cit.], a right that 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to . . . contest.' [Cit.]" Goss v. Lopez, 419 U. S. 565, 579 (95 SC 729, 42 LE2d 725). Since appellant here filed an answer and appeared once for trial, it is apparent that appellant was informed that the matter was pending and chose to contest the question of liability. Under those circumstances, we see no deprivation of due process in a system that requires litigants to acquaint themselves with the procedures that are in force in the courts in which their cases are pending. Appellant had knowledge of the pendency of his case, and the publication of the trial calendar in the county's legal organ constituted sufficient notice of the trial date.

Appellant's reliance on the cases of Robinson v. Hanrahan, 409 U. S. 38 (93 SC 30, 34 LE2d 47); Schroeder v. City of N. Y., 371 U. S. 208 (83 SC 279, 9 LE2d 255); Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306 (70 SC 652, 94 LE 865), is misplaced. Those cases

deal with notice of the pendency of actions, not notice of events during the pendency of an action. Since there is no question of appellant's knowledge that the present case was commenced, the cases cited above are inapplicable.

2. Appellant's second argument is that the trial court abused its discretion by refusing to set aside the judgment entered against him. See *Spyropoulous v. John Linard Estate,* supra. Our review of the record convinces us that there was no such abuse. The trial court considered appellant's testimony, made a judgment concerning credibility, expressly recognized the discretionary nature of the decision to be made, and decided against appellant's position. On the record before us, a contrary decision was not demanded and we see no abuse of discretion.

3. Appellee's motion to dismiss is denied. Tardiness in filing a brief and enumeration of errors is not one of the grounds for dismissal listed in Code Ann. § 6-809 (b) (OCGA § 5-6-48 (b)).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 22, 1982 —
REHEARING DENIED DECEMBER 9, 1982.

*R. John Genins,* for appellants.
*R. William Hamner,* for appellee.