76557. HOUSING AUTHORITY OF ATLANTA et al. v. PARKS.
(374 SE2d 842)

McMURRAY, Presiding Judge.

Plaintiff Parks filed an action for damages against the Housing Authority of the City of Atlanta and a number of its individual officers. The defendants answered and filed a counterclaim against plaintiff, plaintiff's law firm and Jackson, an attorney in plaintiff's law firm.

On September 3, 1986, plaintiff was served interrogatories and a request for production of documents to which plaintiff did not respond. Defendants moved for default judgment against plaintiff based on the failure to respond to interrogatories and the request for pro-

duction of documents. Neither plaintiff nor his attorney appeared at the hearing on defendants' motion for default judgment. Defendants' motion was granted on December 12, 1986. The superior court entered a final judgment under OCGA § 9-11-54 (b) dismissing plaintiff's complaint with prejudice.

On January 12, 1987, plaintiff submitted his "Motion for Reconsideration" of the order dismissing his complaint. The superior court granted plaintiff's motion to reconsider and subsequently we granted defendants' application for interlocutory appeal of the superior court's ruling. *Held*:

In the Atlanta Judicial Circuit a term of court begins on the first Monday in January, March, May, July, September and November. See OCGA § 16-6-3 (3). Therefore, the January 12, 1987, filing of plaintiff's motion for reconsideration was not within the term (November) of court in which the order dismissing plaintiff's complaint with prejudice was filed. Since the superior court's plenary power over its final judgment dismissing plaintiff's complaint ended prior to the filing of the plaintiff's motion such must be examined as a motion to set aside the judgment. *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583).

OCGA § 9-11-60 (d) (3) provides for setting aside a judgment based upon a nonamendable defect which appears upon the face of the record. The failure of counsel or a party acting pro se to receive notice of a hearing constitutes such a defect as will authorize the setting aside of the judgment under OCGA § 9-11-60 (d) (3). *Beach's Constr. Co. v. Moss*, 168 Ga. App. 462 (1) (309 SE2d 382); *Coker v. Coker*, 251 Ga. 542 (307 SE2d 921).

In the case sub judice, plaintiff contends that neither he nor his counsel ever received a copy of defendants' motion for default judgment or notice of the time the motion was set for hearing. However, plaintiff has failed to present any evidence in support of this contention. Thus, in view of the presumption in favor of the regularity and legality of all proceedings in superior court, and the failure of plaintiff to carry his burden of showing that he did not receive proper notice, we must conclude that the superior court abused its discretion in granting plaintiff's "Motion for Reconsideration." *Murer v. Howard*, 165 Ga. App. 230 (299 SE2d 151); *Miller v. Grier*, 175 Ga. App. 91 (332 SE2d 323).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1988.

*Phears & Dailey, H. Wayne Phears, Michael A. Dailey, Victor L. Moldovan*, for appellants.

*Parks, Jackson & Howell, Bernard Parks, Alice F. Brown*,

*Lenwood A. Jackson, Floyd, Howard, Jones & Ware, David R. Ware,* for appellee.