A92A1594, A92A1595. TMS INSURANCE AGENCY, INC.
v. GALLOWAY (two cases).
(424 SE2d 71)

BEASLEY, Judge.

This case is before the court pursuant to direct appeal and our grant of plaintiff/counter-defendant TMS Insurance Agency's application for discretionary appeal, from an order denying its motion to set aside a judgment under OCGA § 9-11-60 (d). OCGA § 5-6-35 (a) (8) "makes it clear that an application must be filed to appeal from an order denying a motion to set aside a judgment." *State Farm &c. Ins. Co. v. Yancey,* 258 Ga. 802 (375 SE2d 39) (1989). The appeal in Case No. A92A1594 is accordingly dismissed. The issue is whether TMS' failure to receive notice either of a hearing on defendant/counterclaimant Galloway's motion to impose sanctions or of a damages trial resulting in an award on Galloway's counterclaim, constituted a nonamendable defect on the face of the record which required setting aside the judgment under OCGA § 9-11-60 (d) (3).

TMS sued Galloway, its former employee, for commissions allegedly paid based upon premiums never received by the agency. Galloway counterclaimed for additional commissions allegedly owed upon termination of her employment and for expenses of litigation and attorney fees under OCGA § 9-15-14. Simultaneously, she served TMS with a notice to produce, request for production of documents and first interrogatories. Two months later, TMS filed responses to the discovery requests, which Galloway claims were incomplete. Despite further requests for more complete discovery responses, none was forthcoming.

Galloway moved to compel discovery, OCGA § 9-11-37, and requested sanctions under OCGA § 9-11-37 (b) (2) (C), serving TMS' counsel of record. By order of November 8, 1990, the trial court denied the motion for sanctions but ordered TMS to fully respond to discovery requests within 21 days.

Later in November, the trial court granted TMS' counsel permission to withdraw from the case based on an asserted conflict of interests. The court also ordered that "all further notices in this action be directed to [TMS]."

On December 31, Galloway again sought to impose sanctions for TMS' failure to timely respond to the court's November 8 order compelling discovery. In that motion, Galloway represented to the court that her attorney had mailed a service copy of the November 8 order both to TMS' former counsel and to "TMS Insurance Agency, Inc."

The certificate of service attached to the motion reflects this service. Although a response was filed by former counsel in his individual capacity, none was received on behalf of TMS.

After a hearing on April 29, 1991, the court granted Galloway's motion to impose sanctions, ordered dismissal of the complaint and entered default judgment for her on the counterclaim "in an amount to be determined at a later date."

On July 8, after hearing evidence, the court entered judgment for Galloway on her counterclaim for $99,349 plus attorney fees of $2,450.28. TMS was thereafter served with post-judgment interrogatories, notice to produce and request for production of documents.

TMS filed a "motion to set aside judgment and order, for issuance of a protective order, and for stay of post-judgment proceedings," under OCGA § 9-11-60 (d) (2) and (3), in which it claimed to have received no notice of motion from the State Court of Cobb County scheduling the April 29 hearing on the motion to impose sanctions or notice of the non-jury trial resulting in the entry of default judgment to Galloway on her counterclaim. Notice of the April 29 hearing had been sent by the clerk of court to Galloway's counsel and to TMS' former counsel of record. TMS' president averred by affidavit that the corporation had not received notification of the hearing from either the court or from its former counsel. Former counsel confirmed that he did not notify TMS of the April 29 hearing.

As to the June 8 non-jury trial, the record shows that it appeared on a "civil non-jury calendar" in the official legal organ of the county showing that "default" proceedings were to take place in this case on the following day. The publication notice listed TMS' former counsel as counsel of record; however, he did not learn of the pendency of the proceedings until the morning of the trial when he was contacted by Galloway's counsel. He neither notified TMS nor attended the trial. TMS was unaware of the proceedings and was unrepresented.

The court denied the motion to set aside.

TMS contends that the trial court erred because there was a nonamendable defect on the face of the record, OCGA § 9-11-60 (d) (3), to wit: the absence of notice of the April 29 hearing on the motion to impose sanctions or the July 8 non-jury trial awarding default judgment to Galloway on her counterclaim. Our ruling is confined to notice of the April 29 motion hearing.

"The failure of counsel or a party acting pro se to receive notice of a hearing constitutes such a defect as will authorize the setting aside of the judgment under OCGA § 9-11-60 (d) (3)." *Housing Auth. of Atlanta v. Parks*, 189 Ga. App. 97, 98 (374 SE2d 842) (1988). Accord *Coker v. Coker*, 251 Ga. 542 (307 SE2d 921) (1983).

The trial court concluded that notice of the motion hearing through publication in the Marietta Daily Journal, the official county

organ, constituted proper service. It predicated its ruling on *Carson v. Morris*, 164 Ga. App. 732 (297 SE2d 513) (1982), in which we stated that publication was sufficient notice under OCGA § 9-11-40 (c). However, that statute controls notice of *trial*, and "refers only to *notice*. Notice of a hearing on a motion, however, is required by OCGA § 9-11-6 (d) to be *served*. Service of such notice is controlled by OCGA § 9-11-5 (b), which provides specific means by which service may be accomplished and does not make provision for service by publication . . . . [P]ublication of notice of a motion hearing date is not, by itself, sufficient compliance with § 9-11-6 (d)." (Emphasis in original.) *Goodwin v. Richmond*, 182 Ga. App. 745 (356 SE2d 888) (1987). Since TMS carried its burden of showing that it did not receive notice of the hearing, we must conclude that the denial of the motion to set aside constituted error. Compare *Housing Auth. of Atlanta*, supra. The hearing on the motion having been flawed for lack of notice to TMS, the question of notice of trial is moot.

TMS' remaining enumerations of error are also rendered moot by the foregoing.

*Appeal dismissed in Case No. A92A1594; judgment reversed in Case No. A92A1595. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 22, 1992.

*Friedman & Montalto, Steven Montalto, David J. Salome*, for appellant.

*Manko & Lyle, J. Stephen Manko*, for appellee.