A94A2645. KING v. BOARD OF REGENTS OF
THE UNIVERSITY SYSTEM OF GEORGIA.
(451 SE2d 482)

BLACKBURN, Judge.

This is a discretionary appeal of the trial court's orders denying appellant Michael B. King's motion to set aside the dismissal of his complaint against the Board of Regents of the University System of Georgia, and awarding fees and costs against him.

King, an attorney, filed a breach of contract action pro se against the appellee, the Board of Regents of the University System of Georgia (Board), based upon his unsuccessful tenure as a student at Georgia State University's College of Law. On September 8, 1993, because of difficulties in the scheduling of depositions, the trial court granted King's request to extend discovery for 30 days. The trial court further instructed King to cooperate with the Board's counsel concerning the

scheduling of his deposition in the event that counsel desired to depose him within this period. When King indicated that he would not be available to be deposed on September 27, 1993, the Board, on September 23, 1993, moved to compel his attendance in accordance with the notice to depose, or in the alternative, to dismiss the complaint and assess attorney fees and costs against King. The next day, King moved the court to vacate the notice to depose.

On December 13, 1993, the trial court held a hearing on the motions, and King failed to appear at the hearing. The record does not show that King was served with notice of the hearing. However, in the trial court's order of December 28, 1993, the court indicated that the motions were heard "pursuant to published notice in accordance with the Rules of this Court." The court denied King's motion, granted the Board's motion, and dismissed the complaint. The court found that the Board's counsel was entitled to attorney fees based upon King's wilful refusal to cooperate with discovery, and subsequently entered an order awarding attorney fees and costs to the Board.

King maintains that he did not receive notice of the hearing on the motion to compel discovery or in the alternative to impose sanctions and dismiss the complaint, and this absence of notice warranted setting aside the December 28, 1993, order. We agree.

OCGA § 9-11-6 (d) provides that a written motion and notice of the hearing thereon shall be served. "Service of such notice is controlled by OCGA § 9-11-5 (b), which provides specific means by which service may be accomplished and does not make provision for service by publication. Publication of notice of a motion hearing date is not, by itself, sufficient compliance with [OCGA] § 9-11-6 (d)." (Citation and punctuation omitted.) *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896, 898 (424 SE2d 71) (1992). It is undisputed that King was not served with notice of the motion hearing in the manner provided by statute. " 'The failure of counsel or a party acting pro se to receive notice of a hearing constitutes such a defect as will authorize the setting aside of the judgment under OCGA § 9-11-60 (d) (3).' [Cits.]" Id. at 897. Accordingly, the trial court erred in denying King's motion to set aside.

King's remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 —

*Michael B. King*, pro se.
*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior*

*Assistant Attorney General,* for appellee.