## A99A0120. EDENS v. O'CONNOR.
(519 SE2d 691)

Judge Harold R. Banke.

Objecting to certain interrogatories and document requests as burdensome and irrelevant, defendant John Edens refused to provide the requested discovery. After a hearing, the court ordered Edens to provide the information. When Edens provided inadequate responses, O'Connor moved for sanctions, which Edens opposed in a written brief. The court decided to schedule a hearing on the sanctions motion and published notice of the hearing in the local legal organ. It is undisputed that Edens' counsel received no written notice of the sanctions hearing other than the publication.

Edens' counsel did not appear at the sanctions hearing, which was conducted in his absence. Three months later the court entered discovery sanctions, including a $4,500 award to reimburse O'Connor's attorney fees. Citing lack of notification, Edens moved under OCGA § 9-11-60 (d) (3) to have the order set aside. This appeal followed the denial of that motion. *Held*:

1. Edens contends that the failure to provide written notice of the hearing requires reversal of the judgment. *Anderson v. Anderson*, 264 Ga. 88, 89 (441 SE2d 240) (1994), held that the failure of counsel to receive proper notice of a hearing constitutes a nonamendable defect under OCGA § 9-11-60 (d) that requires the setting aside of the judgment. See *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (265 SE2d 791) (1980).

*King v. Bd. of Regents &c.*, 215 Ga. App. 570, 571 (451 SE2d 482) (1994), explained that if a hearing is held, OCGA § 9-11-6 (d) requires notice of the hearing to be served on counsel as per OCGA § 9-11-5 (b). This is not discretionary. "Publication of notice of a motion hearing date is not, by itself, sufficient compliance with OCGA § 9-11-6 (d)." (Citation and punctuation omitted.) Id. Based on the lack of proper written notice of the hearing, *King* reversed, holding the trial court should have set aside an award of attorney fees arising out of a party's failure to comply with a discovery order.

O'Connor's efforts to distinguish the facts of this case are ineffectual. Although a hearing is not always required to make a finding of wilfulness (see *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991)), if a hearing is held then proper notice is required, if for no other reason than to avoid the appearance of ex parte contact. Here a hearing was held; no written notice was served on Edens; Edens did not appear at the hearing; claiming lack of notice, Edens moved to set aside the order that resulted from the hearing. Under *King*, the court had no choice but to set aside the order. This, of course, does not preclude the trial court from holding a hearing on remand (with proper notice to Edens) and then entering an appropri-

ate order. See *King v. Bd. of Regents &c.*, 238 Ga. App. 4 (516 SE2d 581) (1999).

*Orrel v. Amerada Hess Corp.*, 224 Ga. App. 625, 628 (481 SE2d 624) (1997), is inapplicable, since no hearing was conducted in that case.

2. The decision in Division 1 moots the other enumerations of error.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 26, 1999.

*James J. McGinnis*, for appellant.
*Nadler, Beskin & Scott, Gary M. Nadler*, for appellee.