S01A0941. RANDALL v. RANDALL.
(549 SE2d 384)

CARLEY, Justice.

Cathy Randall moved the trial court to hold her former husband, Stanley Randall, in contempt, alleging that he had failed to comply with the financial obligations of the final divorce decree dissolving the marriage between the parties. On several occasions, counsel for both parties agreed to a hearing date, but each time the hearing did not take place due to a scheduling conflict. Eventually, Ms. Randall's

lawyer, James Lewis, sent a letter to the trial court requesting that the case be placed on the trial calendar for December 13, 2000. Lewis mailed a copy of his request to Mr. Randall's attorney of record, Fred Stokes. Stokes responded with a letter to Lewis which, after stating that he could not attend on December 13 due to a prior engagement, requested a rescheduling of the hearing. Stokes sent the trial court a copy of his response to Lewis' request. Thereafter, the trial court never notified Mr. Randall's counsel that it would hear the case on December 13. At the hearing conducted on that date, neither Mr. Randall nor his lawyer was present. The trial court found that Mr. Randall was in contempt, and entered judgment requiring him to pay an arrearage of more than $9,000. Subsequently, Mr. Randall moved to set aside the judgment on the ground that he was not given notice of the hearing. The trial court denied the motion, and he applied for discretionary appeal. We granted the application, and now hold that the trial court erred in denying the motion to set aside because Mr. Randall did not receive the notice which due process requires that he be given.

1. Mr. Randall filed the application for discretionary appeal and a notice of appeal before the trial court actually entered its written order denying the motion to set aside. Ms. Randall urges that, in doing so, he acted prematurely and that, therefore, this Court lacks jurisdiction over the case.

Although *Gillen v. Bostick*, 234 Ga. 308, 310-311 (1) (215 SE2d 676) (1975) does not deal with a discretionary appeal, its general holding nevertheless is applicable here:

> "This Court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon. . . [.]" "There must be judgment and entry. But it must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced. . . . The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss." [Cit.]

Mr. Randall simply filed the application too early and, although he also filed a notice of appeal before the trial court actually entered its order denying the motion to set aside, he did file it within the ten-day period following this Court's grant of the application. See *Wannamaker v. Carr*, 257 Ga. 634, 635 (1) (362 SE2d 53) (1987). Under these circumstances, we have jurisdiction over the case and, accordingly, proceed to the merits of the appeal.

2. "[N]otice of the hearing . . . shall be served not later than five days before the time specified for the hearing . . . ." OCGA § 9-11-6 (d). Where, as here, a party is represented by counsel, service "shall be made by delivering a copy to [the attorney] or by mailing it to him at his last known address . . . ." OCGA § 9-11-5 (b). Compliance with the notice requirement is mandatory, not discretionary. *Edens v. O'Connor*, 238 Ga. App. 252 (1) (519 SE2d 691) (1999). Thus, if Stokes, as attorney of record, did not receive notice of the December 13 hearing, the judgment against Mr. Randall suffers from a nonamendable defect. *Anderson v. Anderson*, 264 Ga. 88, 89 (411 SE2d 240) (1994).

Ms. Randall contends that Stokes' receipt of the copy of the letter that her lawyer sent to the trial court provided the requisite notice. However, that communication was only a request by her attorney that the trial court set the trial date for December 13. "Counsel for neither party can control the calendars and trial of cases. Such procedures are in the hands of the court, not counsel." *Etheridge v. Etheridge*, 242 Ga. 101, 103 (249 SE2d 569) (1978). "The courts shall provide for the placing of actions upon the trial calendar . . . [u]pon request of a party and notice to the other parties." OCGA § 9-11-40 (c) (2). Under this statute, the trial court was required to notify Stokes that it was granting Lewis' request and placing the hearing on its calendar for December 13. "Failure to provide such notice is reversible error. [Cit.]" *Health Images v. Green*, 207 Ga. App. 455 (2) (428 SE2d 378) (1993). The requisite notification need not take the form of receipt of a copy of the trial calendar. *Potter v. Wal Computers*, 220 Ga. App. 437, 440 (3) (469 SE2d 691) (1996). The trial court could have directed that Lewis inform Stokes that, as requested, the court would conduct the hearing on the date sought. *Redding v. Raines*, 239 Ga. 865 (2) (239 SE2d 32) (1977). In the absence of any notice to Stokes that the trial court intended to hear the matter on December 13, however, a judgment rendered as a result of a hearing on that day cannot stand. *Taylor v. Chester*, 207 Ga. App. 217, 219 (427 SE2d 582) (1993).

Ms. Randall urges that the trial court was authorized to infer that sufficient notice was received, because Stokes' letter requesting a rescheduling was, in effect, a motion for a continuance. However, that communication was addressed to Lewis and referenced opposing counsel's *request* for a hearing on December 13. It was not directed to the trial court and did not invoke the trial court's discretionary authority to continue a hearing that it already had scheduled for that day. Unless and until Stokes received notice that the trial court actually had set the case for December 13, he was not obligated to seek a continuance. See Uniform Superior Court Rule 17.1. The trial court erred in failing to notify Stokes that, in accordance with Lewis'

request, it would hold the hearing on that date.

> A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and afford them an opportunity to present their objections. [Cit.]

*Wright v. Wright*, 270 Ga. 229, 230 (509 SE2d 902) (1998). The erroneous failure to satisfy the constitutional requirement of notifying counsel for Mr. Randall of the actual scheduling of the hearing on the motion for contempt requires reversal of the denial of the motion to set aside the judgment entered against him.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 16, 2001.

*Fred J. Stokes*, for appellant.
*James H. Lewis, Christopher J. McFadden*, for appellee.