## A04A0661. BLUE STONE LOFTS, LLC v. D'AMELIO.
### (601 SE2d 719)

SMITH, Chief Judge.

This appeal is from the trial court's order granting final judgment to plaintiff Joseph D'Amelio in a contract dispute involving defendant Blue Stone Lofts, LLC. Blue Stone contends that the judgment is invalid because it did not receive proper notice of the summary judgment hearing that preceded the judgment. We do not agree, and we affirm.

D'Amelio brought this action against Blue Stone alleging that Blue Stone had breached an agreement between the parties under which D'Amelio was to serve as a construction manager for a condominium construction project. The agreement provided that D'Amelio would be paid a monthly fee of $6,000. The agreement also provided that, upon completion of the work, D'Amelio was to receive a bonus equal to ten percent of the net profits derived by Blue Stone from the sale of all condominium units, as well as an assignment of fifteen percent of Blue Stone's "ownership interest in the company or other ownership entity that owns the thirteen thousand square feet of commercial lease space that is being constructed as part of the project." D'Amelio served discovery requests on Blue Stone, to which Blue Stone did not respond. Blue Stone also failed to respond timely to D'Amelio's request to admit, thereby admitting among other things that D'Amelio performed his obligations under the agreement and that Blue Stone had refused to pay $18,250 to D'Amelio or to transfer the ownership interest discussed above. D'Amelio filed a motion for summary judgment based on these admissions.

On May 23, 2003, the trial court granted D'Amelio's motion, awarding him liquidated damages of $18,250 and scheduling a hearing for July 2, 2003, to determine unliquidated damages. Before the damages hearing, D'Amelio filed a motion to compel and for sanctions based upon Blue Stone's failure to respond to discovery requests. On June 20, Blue Stone moved for reconsideration of the

order granting summary judgment. On the same date Blue Stone also belatedly filed its discovery responses, including its responses to D'Amelio's requests to admit.

In an order entered August 1, 2003, the trial court granted Blue Stone's motion for reconsideration and revisited D'Amelio's motion for summary judgment. The court noted that during the hearing on the motion, Blue Stone's "counsel conceded that there was no legal excuse for defendant's failure to respond to plaintiff's motion" for summary judgment. The court further found that Blue Stone's failure to move to withdraw "its prior tacit admissions" and "its failure to demonstrate the proper foundation for it make it inappropriate for the Court to reopen the admissions." Based on these admissions, the court then granted summary judgment to D'Amelio on his claim for $18,250 in unpaid wages, plus interest.

The court then considered the remainder of D'Amelio's damages, which were related to the portion of the agreement providing for a bonus and assignment of certain interests in the property. The court concluded that Blue Stone had raised an argument that required "further attention" and that it was unclear from the record whether Blue Stone's sale of certain units had foreclosed D'Amelio's ownership interest. The court directed the parties to address these issues in an upcoming hearing scheduled for August 12. The court also "denied without prejudice" D'Amelio's motion for summary judgment concerning attorney fees but granted D'Amelio's motion for summary judgment on Blue Stone's counterclaim. Finally, the court considered D'Amelio's motion to compel and for sanctions, ordered Blue Stone to provide full responses to the discovery, and awarded costs related to the motion to compel to D'Amelio. The court noted that by its failure to respond to the discovery requests within 30 days initially, Blue Stone had lost the right to object to the requests. The court also stated in its order that by failing to respond to the motion for summary judgment, Blue Stone waived any right to present evidence in opposition to the motion.

Blue Stone did not comply with the court's order requiring it to respond fully to the discovery requests, prompting D'Amelio to file a "motion for contempt and/or to compel" on August 27. In his brief in support of the motion, D'Amelio argued that Blue Stone was "clearly attempting to undermine the presentation of evidence by plaintiff" and that Blue Stone "seeks to hide the ball so that plaintiff will be surprised by evidence at the unliquidated damages hearing on September 8, 2003." In its appellate brief, Blue Stone admits that it was served with this document.

Although the hearing had been initially scheduled for August 12, it was rescheduled at the request of D'Amelio's counsel for August 15. On August 15, however, the trial court informed D'Amelio's counsel

that the hearing would be rescheduled for September 8, the first day the trial court would be available. On September 5, D'Amelio filed his brief in support of the legal arguments he planned to make at the September 8 hearing and faxed this brief to counsel for Blue Stone. The record contains a document captioned "Notice of Rescheduled Hearing," reciting as follows: "The hearing previously scheduled in this matter for August 12, 2003, was postponed at the request of the plaintiff. It is hereby rescheduled for Monday, September 8, 2003, at 3:00 p.m. This hearing is specially set." Although the notice does not bear a clerk's office stamp reflecting the date it was filed, it is dated August 15, 2003, and bears the signature of an individual identified as the trial court's staff attorney. It contains the phrase "copies to" and the names and addresses of the parties' attorneys.

No one appeared on behalf of Blue Stone at the September 8 hearing. Following the hearing, the trial court entered an order reciting that "[a] properly noticed hearing was held . . . on September 8, 2003." The court noted that it had "heard argument, testimony and other evidence from plaintiff" and awarded damages in excess of $600,000, plus costs and attorney fees. In a separate order the court entered final judgment for D'Amelio in the amount of $683,293.69 plus post-judgment interest.

Blue Stone filed a motion for reconsideration and to set aside on the ground that it did not receive notice of the September 8 hearing but subsequently filed a notice of appeal of the final judgment. On appeal, Blue Stone challenges the judgment of the trial court, again arguing that it did not receive notice of the hearing and that it would have presented valid defenses to D'Amelio's damages claims if it had been properly notified of the hearing.

The nature of the September 8 hearing is disputed by the parties. Blue Stone argues that it was a hearing on D'Amelio's motion for summary judgment, and D'Amelio contends that it was an unliquidated damages hearing. After considering the entire record, we conclude that the September 8 hearing encompassed both purposes. On one hand, the hearing was designed to enable the court to further consider D'Amelio's motion for summary judgment. As discussed above, the trial court had previously entered summary judgment to D'Amelio on his liquidated damages claim. In the same order, however, the court denied summary judgment in part, concluding that D'Amelio's "claim for an ownership interest in certain condominium units . . . remains under consideration and will be decided following additional argument." On the other hand, the court also directed the parties to address "undetermined issues" at the August 12 hearing, which was ultimately rescheduled to September 8. One undetermined issue was the unliquidated damages to which D'Amelio was entitled.

OCGA § 9-11-6 (d) requires that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this chapter or by order of the court." Service of a motion must be made on the opposing party

> by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. . . . [T]he term "delivery of a copy" means handing it to the attorney or to the party, or leaving it at his office with his clerk or other person in charge thereof. . . . Service by mail is complete upon mailing. Proof of service may be made by certificate of an attorney or of his employee, by written admission, by affidavit, or by other proof satisfactory to the court. Failure to make proof of service shall not affect the validity of service.

OCGA § 9-11-5 (b).

Although it does not appear that D'Amelio sent a formal notice of the September 8 hearing to Blue Stone, it does appear that the trial court sent a notice. A "notice of rescheduled hearing" dated August 15 appears in the record, which recites that a copy was sent to Blue Stone's counsel. Also, the trial court's final order recites that it was entered after a "properly noticed hearing." The hearing was not transcribed. As stated in *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 304-305 (2) (265 SE2d 107) (1980),

> [t]here is a presumption that the judgment below was correct. It is the burden of the appellant in asserting error to show it by the record. Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction and it will be presumed it is supported by every fact essential to make such judgment valid and binding.

(Citations and punctuation omitted.)

So applying the presumption of validity that must be given to the trial court's judgment, the record shows without dispute that notice of the September 8 hearing was sent by the trial court to Blue Stone. The fact that Blue Stone contends it did not *receive* notice is not controlling. See, e.g., *Saxton v. Davis*, 262 Ga. App. 72, 73 (1) (584 SE2d 683) (2003); *American Mobile Imaging v. Miles*, 260 Ga. App. 877, 878 (581 SE2d 396) (2003). If such an assertion could invalidate

proper service, anyone could ignore notice of a hearing, claim that he or she did not receive notice, and avoid the effect of an adverse judgment.

The cases cited by Blue Stone in support of its argument that notice was improperly provided are distinguished from this case. In *Randall v. Randall*, 274 Ga. 107 (549 SE2d 384) (2001), and *Anderson v. Anderson*, 264 Ga. 88 (441 SE2d 240) (1994), the trial courts did not notify appellants of an upcoming hearing. In other cases, the Georgia Supreme Court and this court have held that notice by publication was insufficient. *Crenshaw v. Crenshaw*, 267 Ga. 20 (471 SE2d 845) (1996); *Edens v. O'Connor*, 238 Ga. App. 252 (519 SE2d 691) (1999); *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896 (424 SE2d 71) (1992).

Other cases relied upon by Blue Stone involve criminal contempt actions in which the trial court either failed to notify the appellant of the contempt proceeding, *In re Davis*, 265 Ga. App. 290 (593 SE2d 740) (2004), or "to adequately inform [the] appellant of the charge against him so that he would have the opportunity to defend himself against the charge at the specified time and place for the hearing." (Footnote omitted.) *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998).

Blue Stone also cites *Wright v. Wright*, 270 Ga. 229 (509 SE2d 902) (1998). In that case, notice to a party in a divorce action was insufficient because it did not inform him that a proceeding was a final hearing in which issues of child custody, visitation, and support, division of property, and alimony would be decided. Here, the record contains undisputed evidence that the trial court *did* send notice of the September 8 hearing to Blue Stone, and the trial court's previous orders, in addition to D'Amelio's brief in support of his motion to compel, reasonably informed Blue Stone that one unresolved issue would be the amount of unliquidated damages.

Due process requires that notice of a proceeding be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Citation and punctuation omitted.) *Allen v. Bd. of Tax Assessors &c.*, 247 Ga. 568, 569 (277 SE2d 660) (1981). Blue Stone was notified of the hearing by the trial court and by D'Amelio's August 27 brief. Blue Stone was afforded due process with respect to notice, and as it did with respect to D'Amelio's previous motion for summary judgment, D'Amelio's discovery requests, and the trial court's discovery order, Blue Stone failed to respond to or comply with the information or directions provided to it. Blue Stone has presented no grounds for reversal based on lack of notice.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 15, 2004 —
RECONSIDERATION DENIED JULY 7, 2004 —

*Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer, Ryan K. McLemore*, for appellant.
*Weizenecker, Rose, Mottern & Fisher, Stephen G. Weizenecker, Roxana F. Dehnad, Kimberly K. Perez*, for appellee.