## A10A2299. SATURDAY ENTERPRISES, INC. et al. v. CITIZENS BANK & TRUST OF WEST GEORGIA.

(707 SE2d 875)

DOYLE, Judge.

This appeal arises from the trial court's grant of summary judgment to Citizens Bank and Trust of West Georgia ("CBT") in a case involving a dispute over a promissory note in the amount of $10,556,250 executed by Senoia Development, LLC,[1] and guaranteed by individuals Jeffery B. Saturday, Tarik Glenn, Ryan Diem, Paul W. Kite, as well as Saturday Enterprises, Inc., Glenn Enterprises, LLC, Diem Enterprises, LLC, and PK Senoia Holdings, LLC (collectively "the Appellants"). The Appellants contend that the trial court erred by granting CBT's motion for partial summary judgment and by denying the Appellants' motion for summary judgment because the trial court failed to provide written notice of the hearing five days in advance pursuant to OCGA § 9-11-6 (d). Because the language of the statute plainly states its requirement, we agree and reverse.

OCGA § 9-11-6 (d) provides that

[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof *shall be served not later than five days before the time specified for the hearing*, unless a different period is fixed by this chapter or by order of the court. . . .[2]

The Appellants contend that written notice of the hearing did not meet the requirements set forth in OCGA § 9-11-6 (d) because the notice was mailed on March 8, 2010, only three days prior to the March 11, 2010 hearing, and the address on the envelope was partially obscured, preventing delivery of the notice until April 22, 2010. CBT contends that the summary judgment hearing was originally calendared for February 4, 2010,[3] at which time the Appellants' attorney was directly notified by the trial court via teleconference that the hearing was going to be reset for March 11, 2010. The attorney for the Appellants disputes in an affidavit to the trial court that he received notice of the hearing, stating that, "[Appellants] did not discover that a hearing had been held until March 30, 2010, when Raley & Sandifer received an Order dated March 18, 2010, granting [CBT's] motion," and that "[Appellants]

---

[1] Senoia Development is not a party to this appeal.

[2] (Emphasis supplied.)

[3] The calendar for the February 4, 2010 hearing appears to have set the case for continuance from the peremptory calendar and does not appear to have scheduled the case for a hearing on the summary judgment motions.

and counsel were completely unaware of the March 11, 2010, hearing date.'' Even assuming that the trial court provided oral notice of the hearing during the teleconference, CBT provides no citation of authority in support of its argument that this method of notification satisfies the requirements of OCGA § 9-11-6 (d).

Service of notice pursuant to OCGA § 9-11-6 (d) is controlled by OCGA § 9-11-5 (b), which provides that service upon a party or his attorney may be accomplished "by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address. . . ."[4] This Court previously has held that other forms of service, such as publication, are not sufficient to meet the requirements of OCGA § 9-11-6 (d).[5] On the face of the record, it is clear that delivery of a hard copy of the notice pursuant to OCGA § 9-11-6 (d) was not accomplished, and accordingly, we reverse the trial court's grant of summary judgment to CBT.[6] Although the trial court's denial of the Appellants' motion for reconsideration implicitly found that the Appellants had received actual notice via the teleconference on February 4, this is simply not sufficient pursuant to the plain language of the statute.

Based on this holding, we do not address the Appellants' second enumeration of error.

*Judgment reversed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 16, 2011.

*Raley & Sandifer, G. Brian Raley*, for appellants.
*Smith, Diment & Conerly, Joseph N. Smith, Randall C. Parian*, for appellee.

---

[4] See *King v. Bd. of Regents &c. of Ga.*, 215 Ga. App. 570, 571 (451 SE2d 482) (1994).
[5] See, e.g., *TMS Ins. Agency, Inc. v. Galloway*, 205 Ga. App. 896, 897-898 (424 SE2d 71) (1992).
[6] See *Goodwin v. Richmond*, 182 Ga. App. 745, 745-746 (2) (356 SE2d 888) (1987) (reversing grant of summary judgment for lack of proper notice, holding that error was not harmless because the respondent was deprived of the right to file affidavits up to one day prior to the hearing as allowed by OCGA § 9-11-6 (d)). Cf. *Srader v. Midkiff*, 303 Ga. App. 514, 516-517 (4) (693 SE2d 856) (2010) (reversing order for attorney fees for lack of proper notice); *Glass v. Glover*, 241 Ga. App. 838, 839 (528 SE2d 262) (2000) (same); *Dixon v. McClain*, 204 Ga. App. 531, 531-532 (1) (420 SE2d 66) (1992) (harmless error analysis not applicable if a trial court fails to hold summary judgment hearing when requested by the parties).