## A11A1669. SPRINT TRANSPORT GROUP, INC. v. CHINA SHIPPING NA AGENCY, INC.
(721 SE2d 659)

MIKELL, Chief Judge.

Sprint Transport Group, Inc. ("Sprint") appeals from the trial court's order and judgment striking its answer for failure to prosecute and entering judgment of $77,720 plus interest and court costs in favor of China Shipping NA Agency, Inc. ("China Shipping"). The trial court rendered this decision upon Sprint's failure to appear at a summary judgment hearing. Sprint avers that it never received notice of the hearing. Because the record contains insufficient evidence upon which we may base a decision, we vacate the order and judgment and remand the case to the trial court with direction. The relevant facts follow.

China Shipping filed a suit on account against Sprint on November 12, 2008. Sprint answered, and, inter alia, denied owing the debt "as phrased" in the complaint. China Shipping then moved for

summary judgment, and Sprint filed a response, denying that it is the party responsible for the debt. On January 4, 2011, Sprint failed to appear for a hearing on the summary judgment motion. The trial court found that

> *after notice*, and the docket having been sounded and the case having been called; and [c]ounsel for [p]laintiff having appeared and announced ready and [d]efendant having failed to appear and [u]pon motion of [p]laintiff to strike the [a]nswer of [d]efendant for failure to prosecute ... it is HEREBY ORDERED that the [d]efendant's [a]nswer is STRUCK and [j]udgment is herewith entered in favor of the [p]laintiff and against the [d]efendants.[1]

Sprint appeals, alleging that the trial court erred in (1) granting China Shipping's oral motion to strike Sprint's answer; (2) entering judgment for China Shipping; (3) not conducting a hearing; (4) not sending a rule nisi to provide notice of the hearing date; and (5) awarding prejudgment interest to China Shipping.

China Shipping neither filed an appellee's brief, nor moved to supplement the record. When an appellee presents no arguments, Court of Appeals Rule 25 (b) (1) provides that "[e]xcept as controverted, appellant's statement of facts *may* be accepted by this Court as true."[2] Here, we decline to accept as true Sprint's statement that it did not receive notice because, as discussed below, a fact question exists on this point given the trial judge's order indicating that Sprint received notice of the hearing. Also, Sprint apparently provided no verification or affidavit below attesting to its lack of notice.[3]

Despite the trial judge's finding that the hearing was held "after notice," the record before us contains no rule nisi or other evidence indicating that the parties were properly served with notice of the hearing date. Nor is there any indication in the record that Sprint actually received notice, although Sprint's notice of appeal asks the trial court clerk to "omit nothing from the record on appeal."

In the context of notice requirements upon motion for a summary judgment hearing, OCGA § 9-11-6 (d) provides that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this chapter or by order of the court." OCGA § 9-11-5 (b)

---

[1] (Emphasis supplied.)

[2] (Emphasis supplied.)

[3] *Heath v. Beech*, 300 Ga. App. 756, 757 (2) (686 SE2d 283) (2009) (counsel's assertion of lack of notice, absent supporting affidavit or other competent evidence, is insufficient).

further provides that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address." "Compliance with the notice requirement [of OCGA § 9-11-5 (b)] is mandatory, not discretionary."[4] Absent notice of the hearing to the proper party or attorney of record, "the judgment . . . suffers from a nonamendable defect."[5]

While we have upheld a trial court's judgment where, although a party denies receiving notice, the record contains a notice reciting that it was sent to counsel of record *and* the trial court in its order indicates that a notice was sent,[6] that is not the situation in the instant case. Here, the record's lack of any notice or rule nisi directly conflicts with the trial court's finding that the case was called only "after notice" to the parties.

This dichotomy raises questions of fact about both the issuance and service of notice. We have found reversible error where a party either did not receive notice or did not receive sufficient notice of a summary judgment hearing,[7] and where a party did not have notice of the trial court's intent to rule on a summary judgment motion.[8]

Additionally, a question remains as to whether the appellate record is complete.[9] Where the record on appeal is incomplete, or a question remains as to completeness, we may exercise our discretion and vacate the trial court's summary judgment order, remanding the case for further consideration.[10]

Accordingly, we vacate the order and judgment and remand the case for proceedings not inconsistent with this opinion.

*Judgment vacated and case remanded with direction. Smith, P. J., and Dillard, J., concur.*

---

[4] (Citation omitted.) *Randall v. Randall*, 274 Ga. 107, 109 (2) (549 SE2d 384) (2001).

[5] (Citation omitted.) Id.

[6] *Blue Stone Lofts, LLC v. D'Amelio*, 268 Ga. App. 355, 358-359 (601 SE2d 719) (2004).

[7] See *Goodwin v. Richmond*, 182 Ga. App. 745, 746 (2) (356 SE2d 888) (1987) (notice of summary judgment hearing by publication does not comply with OCGA § 9-11-6 (d)); *Saturday Enterprises, Inc. v. Citizens Bank & Trust of West Georgia*, 308 Ga. App. 491, 492 (707 SE2d 875) (2011) (oral notice of summary judgment hearing insufficient under OCGA § 9-11-6 (d)).

[8] *Morrison v. Morrison*, 299 Ga. App. 758, 760-761 (2) (683 SE2d 696) (2009) (general notice providing that all "ripe motions" be heard is insufficient to notify party of summary judgment proceeding).

[9] *Grimes v. State*, 303 Ga. App. 808, 812-813 (1) (b), n. 4 (695 SE2d 294) (2010) (vacating in part and remanding where record was incomplete on appeal and this court could not resolve whether trial court's order should be affirmed as right for any reason). Accord *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002).

[10] *Georgia Neurology & Rehabilitation, P.C. v. Hiller*, 310 Ga. App. 202, 207 (2) (b) (712 SE2d 611) (2011) (summary judgment vacated, case remanded because of incomplete record on appeal and question as to whether trial court had complete document).

DECIDED DECEMBER 28, 2011.

*Jonathan P. Waters*, for appellant.
*Sherwin P. Robin*, for appellee.