**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**July 3, 2012**

# In the Court of Appeals of Georgia

A12A0554. COFIELD v. HALPERN ENTERPRISES, INC. et al.

PHIPPS, Presiding Judge.

Janice Cofield filed a complaint for damages against Halpern Enterprises, Inc., Halpern Properties, LLC, Halpern Management Company, LLC, and other unnamed parties (collectively "Halpern") for injuries she allegedly sustained when she fell while walking on property owned and/or maintained by Halpern. On the issue of punitive damages, Halpern moved for summary judgment, which the trial court granted. Cofield appeals.

Cofield contends that the trial court erred in granting partial summary judgment to Halpern because: (1) the court conducted a hearing on Halpern's motion for summary judgment despite its failure to give "clear notice" to the parties of a hearing date; (2) Halpern failed to support its motion for summary judgment because

deposition transcripts upon which Halpern relied had not been filed with the court prior to the court's grant of the motion; and (3) the court prevented her from filing deposition transcripts just prior to argument on the day of the hearing. Because the trial court failed to give the parties written notice of the summary judgment hearing, we reverse.

> A motion for summary judgment is a vehicle for disposing of a controversy without the necessity of a trial. It is, as the description shows, a summary disposition of the issues in order to efficiently resolve litigation. Nevertheless, due process requires that the respondent not be surprised; rather, that he be given reasonable opportunity to refute the movant's showing that there are no genuine issues of material fact.[1]

"It is error to grant a motion for summary judgment without affording the opposite side the time provided [by law] or without giving notice or the opportunity

---

[1] *Porter Coatings v. Stein Steel & Supply Co.*, 247 Ga. 631 (278 SE2d 377) (1981); *Hardwick v. Williams*, 272 Ga. App. 680, 682 (2) (a) (613 SE2d 215) (2005); *Barrett v. Wharton*, 196 Ga. App. 688, 689 (396 SE2d 603) (1990).

to be heard."[2] Oral notice of a motion for summary judgment hearing is insufficient under OCGA § 9-11-6 (d).[3]

OCGA § 9-11-6 (d) pertinently provides that "[a] written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this chapter or by order of the court." "Service of notice pursuant to OCGA § 9-11-6 (d) is controlled by OCGA § 9-11-5 (b), which provides that service upon a party or his attorney may be accomplished 'by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address. . . .'"[4] "Compliance with the notice requirement of OCGA§ 9-11-5 (b) is mandatory, not discretionary. Absent notice of the hearing to the proper party or attorney of record, the judgment . . . suffers from a nonamendable defect."[5]

---

[2] *Morrison v. Morrison*, 299 Ga. App. 758, 760 (2) (683 SE2d 696) (2009) (punctuation and footnote omitted).

[3] *Sprint Transportation Group v. China Shipping NA Agency*, 313 Ga. App. 454, 456, n. 7 (721 SE2d 659) (2011); *Saturday Enterprises v. Citizens Bank &c. Ga.*, 308 Ga. App. 491, 492 (707 SE2d 875) ( 2011).

[4] *Saturday Enterprises*, supra (footnote omitted).

[5] *Sprint Transportation Group*, supra at 456 (punctuation and footnotes omitted).

Halpern's motion for partial summary judgment was heard on September 8, 2011. A transcript of that hearing shows that Halpern's counsel and the trial court recalled that at a July 14, 2011 hearing, the court had set "motions" to be heard on September 8, 2011. The trial court further stated to Cofield: "The motions calendar, it doesn't say what it is, but when did you -- you were told to be here and what it was for." Concerning the "motions calendar," the trial court stated that "[n]otice was sent August 1st." But Cofield's counsel recalled differently; he recalled that at the July 14 hearing the court had ordered, with regard to motions, that if the parties had any "complicated motion in limine," the court wanted it to be argued on September 8, 2011.

The appellate record shows that the only written order concerning September 8, 2011, was filed on August 29, 2011. That order was entitled "Notice of Hearing" and it directed Cofield and her counsel to appear before the court on September 8, 2011 to "show cause why they should not be held in contempt of court for failure to comply with the Court-ordered deadline" to inform Halpern's counsel of whether Cofield would object to the admissibility of certain medical records.

The record is void of any written notice by the trial court that it was scheduling a hearing on Halpern's motion for partial summary judgment on September 8, 2011.[6] Accordingly, we reverse the trial court's grant of partial summary judgment to Halpern.[7]

Based on this holding, we do not address Cofield's remaining errors enumerated.[8]

*Judgment reversed. Ellington, C. J., and Dillard, J., concur.*

---

[6] See *Barrett*, supra.; *Morrison*, supra.; *Saturday Enterprises*, supra.; *Sprint*, supra at 455-456.

[7] See *Saturday Enterprises*, supra.

[8] Id.