**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 12, 2015**

# In the Court of Appeals of Georgia

A14A2160. MJL PROPERTIES, LLC et al. v. COMMUNITY AND
    SOUTHERN BANK.

ANDREWS, Presiding Judge.

Community and Southern Bank ("CSB") commenced an action in the trial court against MJL Properties, LLC ("MJL"), Jerry Haygood, Lisa Marie Haygood, C. Garry Haygood, and Michael Shaw (collectively, "Appellants") for, among other things, breach of a promissory note and related guaranties. The trial court granted CSB's motion for summary judgment, and Appellants now appeal, arguing that they did not receive proper notice of the hearing on CSB's motion for summary judgment and that the guaranty executed by Garry Haygood was not supported by consideration. For the reasons that follow, we affirm.

"On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law." (Citation omitted.) *Golden Atlanta Site Dev. v. Nahai*, 299 Ga. App. 646, 646 (1) (683 SE2d 166) (2009). So viewed, the record shows that MJL entered into a commercial promissory note (the "Note") with First Cherokee State Bank ("FCSB") on October 13, 2009 in the principal amount of $858,126.50. On the same date, Jerry Haygood, Lisa Marie Haygood, Garry Haygood, and Michael Shaw entered into unlimited continuing guaranties (the "Guaranties") with FCSB guaranteeing repayment of the Note. The Note was a renewal of a prior promissory note MJL entered into with FCSB in 2007 in order to obtain funds to purchase 15 acres of real property for industrial development purposes. The Note had a maturity date of September 13, 2012; required monthly payments of $5,844.90; and provided for a fixed interest rate of 6.5 percent. The Note and Guaranties were assigned and transferred to CSB in July 2012 pursuant to a Purchase and Assumption Agreement with the Federal Deposit Insurance Corporation, as receiver of FCSB. By letter from counsel dated January 7, 2013, CSB provided Appellants with written notice of default, declared the indebtedness immediately due and payable, and

2

demanded payment of the same. CSB commenced its action against Appellants several days later. CSB filed its motion for summary judgment on December 16, 2013 and submitted, among other evidence, the affidavit of a CSB vice-president attaching a payment record and stating that the amount owed under the Note was $817,643.42 in principal, $80,607.60 in accrued interest, $2,753.47 in late fees, and $134,737.65 in attorney fees and that interest continued to accrue at a rate of $147.63 per day.

Appellants filed a response on January 31, 2014. On the same date, Appellants filed a request for oral argument. On March 10, 2014, the trial court's deputy clerk signed and entered a rule nisi order that had been prepared by CSB's counsel setting a hearing on CSB's motion for summary judgment on April 15, 2014. The deputy clerk had filled in the date, time, and place of the hearing. The certificate of service attached to the rule nisi order indicates that the order was served on March 7, 2014 before the deputy clerk filled in the foregoing information. Apparently unaware of the March 10, 2014 rule nisi order, the trial court issued an order on March 13, 2014 on Appellants' request for oral argument. The trial court noted that the request for oral argument was not timely under Uniform Superior Court Rule 6.3, which provides that such request must be "filed with the motion for summary judgment or . . . not later

than five (5) days after the time for response."[1] The trial court stated that it would nonetheless "allow oral hearing . . . so long as it is scheduled within 30 days" from the date of the order. Thereafter, the trial court's clerk entered a rule nisi order setting a hearing on the summary judgment motion for June 17, 2014. On April 11, 2014, Appellants filed a motion for continuance of the April 15, 2014 hearing, asserting that the rule nisi order setting a hearing for that date was not served upon Appellants and that they first learned about the hearing by email on April 10, 2014. On the same day, Appellants also filed an affidavit by Garry Haygood, a supplemental brief, and an amended answer.

Counsel for both parties appeared at the hearing on April 15, 2014. Appellants' counsel advised the court that he was not served with the rule nisi order setting the hearing. The trial court asked, "Well, do you want a hearing or do you not?" Appellants' counsel replied: "I do want a hearing with proper notice" and then proceeded to present argument. Appellants' counsel conceded that "none of the facts are in dispute" and that CSB was entitled to judgment against all of the Appellants

_____

[1] Under Uniform Superior Court Rule 6.2, Appellants' response was due within 30 days of service of CSB's motion. The trial court's order states that CSB agreed to an extension of time until January 25, 2014, but no stipulation regarding the extension was filed pursuant to OCGA § 9-11-6 (b).

except Garry Haygood. Appellants' counsel argued that Garry Haygood's guaranty was not supported by consideration.

1. Appellants first argue that we should reverse the trial court's order granting CSB's motion for summary judgment because they did not receive timely notice of the April 15, 2014 hearing on the motion for summary judgment. We disagree.

OCGA § 9-11-6 (d) provides: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a different period is fixed by this chapter or by order of the court." Service of a notice of hearing is governed by OCGA § 9-11-5 (b), which states that service upon a party or a party's attorney "shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address or, if no address is known, by leaving it with the clerk of the court." CSB does not dispute that the rule nisi order setting a hearing on April 15, 2014 was never properly served on Appellants. Compliance with the notice requirements in OCGA § 9-11-6 (d) is mandatory, *Sprint Transport Group v. China Shipping NA Agency*, 313 Ga. App. 454, 456 (721 SE2d 659) (2011), and Appellants were entitled to notice of the hearing as contemplated by that statute. We have held, however, that "[a] violation of OCGA § 9-11-6 (d) is not a cause for

5

reversal unless harm is shown." *Scott v. Thompson*, 202 Ga. App. 746, 748 (2) (415 SE2d 508) (1992). In the specific circumstances presented here, Appellants cannot establish the requisite harm.

While they were not properly served with the rule nisi order setting the April 15, 2014 hearing, Appellants learned of the hearing on April 10, 2014. A lack of notice thus did not prevent Appellants' counsel from preparing for or appearing at the April 15 hearing, nor is there any evidence that Appellants were deprived of their right under OCGA § 9-11-6 (d) to serve affidavits opposing CSB's motion as late as one day prior to the hearing. Compare *Operation Rescue v. City of Atlanta*, 259 Ga. 676, 678 (386 SE2d 126) (1989) (late notice of hearing on motion for injunctive relief deprived defendants of right to file opposing affidavits up to one day before hearing); *Saturday Enterprises v. Citizens Bank & Trust of West Georgia*, 308 Ga. App. 491, 492 (707 SE2d 875) (2011) (notice of hearing on summary judgment motion was not timely served, and defendants asserted that they first learned of hearing when they received order granting motion); *Goodwin v. Richmond*, 182 Ga. App. 745, 746 (356 SE2d 888) (1987) (error resulting from lack of notice of summary judgment hearing was not harmless, as the plaintiff did not have notice of cut-off date for filing opposing affidavits). Appellants filed Garry Haygood's affidavit four days prior to

the hearing to support their argument that his guaranty was unenforceable. Appellants' counsel did not assert at the hearing that lack of notice prevented Appellants from filing any additional affidavits. Rather, he conceded that as to the Appellants other than Garry Haygood, the facts were undisputed and CSB was entitled to judgment. Under these facts, we cannot conclude that reversible error resulted from Appellants' insufficient notice of the April 15, 2014 hearing.

2. Appellants contend that summary judgment should not have been granted on CSB's claims against Garry Haygood because Garry Haygood's guaranty was not supported by consideration. This enumeration of error is without merit.

Appellants argue that consideration is lacking because Garry Haygood executed his guaranty "several years after the debt originated and he received nothing in exchange for his promise." "The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal." (Emphasis supplied.) OCGA § 10-7-1. Under OCGA § 10-7-1, "the mere lack of any personal consideration flowing directly to [Garry Haygood] . . . constitute[s] no legal defense to his liability on [his] guaranty." *First Union Nat. Bank of Ga. v. Gurley*, 208 Ga. App. 647, 650 (2) (431 SE2d 379) (1993). While Garry

7

Haygood did not execute a guaranty in connection with FCSB's initial loan to MJL in 2007, the record establishes that he executed a guaranty on the same date the loan was renewed in October 2009, and Appellants do not dispute that FCSB extended further credit to MJL at that time. The trial court properly granted summary judgment for CSB on its claims against Garry Haygood, as his guaranty was supported by consideration. See *Rohm & Haas Co. v. Gainesville Paint & Supply Co.*, 225 Ga. App. 441, 445 (3) (483 SE2d 888) (1997) (extension of additional credit provided consideration for guaranty); compare *Helton v. Jasper Banking Co.*, 311 Ga. App. 363, 366 (715 SE2d 765) (2011) (factual dispute existed as to whether guaranty was signed on the day loan was renewed or thereafter).

*Judgment affirmed. McFadden and Ray, JJ., concur.*