**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 27, 2025**

# In the Court of Appeals of Georgia

A25A1407. WALKER v. ANY AND ALL PARTIES CLAIMING
ANY INTEREST TO 459 OLD PEARSON ROAD.

HODGES, Judge.

Patricia Walker appeals from the trial court's order dismissing her quiet title action after she failed to appear at a scheduled hearing. Walker argues, among other things, that she did not receive notice of the hearing. Because the record contains insufficient evidence to show that Walker received notice of the hearing, we vacate the trial court's dismissal order and remand the case for the court to determine whether the required notice of the hearing was sent to Walker.

Under OCGA § 9-11-41 (b) and Uniform Superior Court Rule 14, the trial court may dismiss an action without prejudice if the plaintiff fails to comply with any order of the court or fails to appear at a calendar call or other proceeding. A notice to parties

requiring their attendance at a hearing or trial calendar is considered an order of the court. See, e.g., *Oduok v. Fulton DeKalb Hosp. Auth.*, 340 Ga. App. 205, 211 (2) (a) (797 SE2d 133) (2017). "Dismissal for failure to attend a [hearing], however, is proper only if the court provided the absent party with notice of the proceeding." Id. Here, the record contains the following "Notice of Hearing":

> PLEASE TAKE NOTICE that all parties shall come before this Court to be heard on the above styled case on the *4th* **day of** *March, 2025* at the **Clinch County Courthouse at 9:00a.m.**, Homerville, Georgia for a Motion to Appoint Special Master.

The notice is signed by the clerk of the superior court, and it does not contain a certificate of service or otherwise indicate that notice was sent to Walker, who was proceeding pro se, at any address. The "Order of Dismissal" states as follows:

> Whereas the above styled case was called in open court on March 4, 2025 and the Plaintiff and/or her attorney failed to appear for the court date[, t]he above styled case is hereby dismissed.

This dismissal order likewise does not indicate that Walker was sent or otherwise received notice of the hearing date. The order, however, unlike the hearing notice, indicates at the bottom: "Copy mailed to all parties this 4th day of March, 2025[.]"

2

Walker appeals, arguing, in part, that she did not receive notice of the hearing date, and the trial court therefore erred in dismissing her case. "A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and afford them an opportunity to present their objections." *Wright v. Wright*, 270 Ga. 229, 230 (509 SE2d 902) (1998). To address due process concerns, OCGA § 9-11-5 (b) provides that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address[.]" "Compliance with the notice requirement of OCGA§ 9-11-5 (b) is mandatory, not discretionary. Absent notice of the hearing to the proper party or attorney of record, the judgment suffers from a non-amendable defect." (Citations and punctuation omitted.) *Sprint Transp. Group v. China Shipping NA Agency*, 313 Ga. App. 454, 456 (721 SE2d 659) (2011); accord *Randall v. Randall*, 274 Ga. 107, 109 (2) (549 SE2d 384) (2001); see also *Fiffee v. Jiggetts*, 353 Ga. App. 730, 735 (2) ( 839 SE2d 224) (2020) ("An order that is based on a hearing and entered against a party without notice to that party of the hearing is . . . a non-amendable defect where the lack of notice appears on the face of the record.") (citations and

punctuation omitted). Here, we cannot tell from the record or the trial court's order whether Walker was given notice of the hearing date.

In short, "[w]hile we have upheld a trial court's judgment where, although a party denies receiving notice, the record contains a notice reciting that it was sent to counsel of record [or the proper party, if proceeding pro se,] *and* the trial court in its order indicates that a notice was sent, that is not the situation in the instant case." (Emphasis in original.) *Sprint Transp. Group*, 313 Ga. App. at 456; compare *Blue Stone Lofts v. D'Amelio*, 268 Ga. App. 355, 358 (601 SE2d 719) (2004) (finding that party failed to demonstrate lack of notice where a "notice of rescheduled hearing" appeared in the record, which recited that a copy was sent to the party's counsel, and the trial court's final order recited that it was entered after a "properly noticed hearing") (punctuation omitted). Neither the trial court's notice of hearing nor its dismissal order in the present case indicates that notice of the hearing was sent to Walker; therefore, Walker has established the presence of a nonamendable defect on the face of the record. Accordingly, we vacate the trial court's dismissal order and remand the

case for the trial court to determine whether the required notice was sent to Walker. In light of this decision, we need not reach Walker's other asserted errors.

*Judgment vacated and case remanded with direction. McFadden, P. J., and Pipkin, J., concur.*