A97A2525. LAYFIELD et al. v. SOUTHEASTERN
CONSTRUCTION COORDINATORS, INC.
(492 SE2d 921)

ANDREWS, Chief Judge.

Southeastern Construction Coordinators, Inc. (Southeastern), sued Charles and Pamela Layfield for the remaining $9,390 owed on a home construction project, plus attorney fees. The Layfields counterclaimed, alleging Southeastern failed to complete the home for the agreed price, acted in bad faith, and defrauded them. A jury rejected the counterclaim and awarded Southeastern the contract amount due plus $3,500 in attorney fees. The Layfields appeal.

1. The Layfields claim Southeastern failed to produce evidence of the reasonable value of its attorney fees, entitling them to a directed verdict on this issue. They base their argument on cases involving OCGA § 13-6-11, which provides for an award of litigation expenses

where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ." In cases decided under that statute, the appellate courts have consistently required plaintiffs to show the actual attorney fees incurred and the reasonableness of those fees. See, e.g., *Hughes v. Great Southern Midway*, 265 Ga. 94, 95 (1) (454 SE2d 130) (1995).

The award of fees in this case is not governed by OCGA § 13-6-11; rather, it is governed by a provision in the contract between the parties providing that "[a]ll legal fees incurred by [Southeastern] in the collecting of any monies due for the contract sum will be assessed against [the Layfields]." At trial, one of Southeastern's owners testified the Layfields had refused to pay the amounts owed, that Southeastern was required to seek legal counsel to enforce the contract, and that the legal fees Southeastern incurred through trial of the case totaled $3,500. This Court addressed a similar scenario in *O'Brien's Irish Pub v. Gerlew Holdings*, 175 Ga. App. 162, 165 (4) (332 SE2d 920) (1985), a suit to enforce a real estate commission. As we held there, "[t]he contract at issue, containing a provision in which appellants agreed to pay attorney fees if appellee had to bring a legal action to enforce the contract, was in evidence, as was testimony concerning the amount of fees incurred by appellee. Those facts, when considered with the fact that appellee brought this suit to enforce the contract, were a sufficient evidentiary predicate for an award of attorney fees." Id. at 165. As in *O'Brien's*, we find the evidence here sufficient to support the jury's award.

2. The Layfields' second enumeration of error challenges the trial court's admission of a contract between Southeastern and another party. The parties apparently disputed whether the contract between them was a "cost plus" contract or a "turn key" contract, meaning Southeastern had agreed to complete the entire house for the designated price. In an effort to show Southeastern's contract was a "cost plus" agreement, one of its principals described without objection the differences between the two types of contracts and detailed the differing provisions each would contain. Later in the trial, the court introduced over a relevancy objection a copy of a typical "turn key" contract Southeastern had used on a different project.

Although OCGA § 24-2-2 generally prohibits the admission of a party's conduct in other transactions, it does allow for the admission of such evidence where "the nature of the action . . . renders necessary or proper the investigation of such conduct." Id. Here, the intent of the parties and the meaning of their contract were central questions for the jury, as were the Layfields' claims that Southeastern intentionally misled them and acted in bad faith. "[F]requently the state of mind accompanying the doing of an act is illustrated by other

acts of a similar nature, done or proposed by [the party] in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things." (Citation and punctuation omitted.) *Candler v. Davis & Upchurch*, 204 Ga. App. 167, 169 (3) (419 SE2d 69) (1992). Therefore, even if this evidence were of "doubtful relevancy," the trial court did not err by admitting it and leaving its weight to the jury. Id.

Even assuming the trial court erred by admitting this evidence, it is the responsibility of the plaintiff to show *harm* as well as error. The Layfields have provided this Court with scanty excerpts from the trial testimony, making it difficult to determine the impact of the alleged error. See *Jordan v. Johnson*, 223 Ga. App. 875, 876 (479 SE2d 175) (1996); *Drummond v. Gladson*, 219 Ga. App. 521, 523 (2) (465 SE2d 687) (1995) (physical precedent only). From the partial excerpt of the trial testimony provided, it appears the admission of this document was merely cumulative of the witness's testimony describing the differences between the two types of contracts. See *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 556 (6) (472 SE2d 116) (1996).

3. Whatever the merits of the Layfields' argument that the trial court erred by excluding their counterclaim for punitive damages, any error was rendered harmless by the jury's verdict in favor of Southeastern. See *Parr v. Pinson*, 182 Ga. App. 707, 708 (4) (356 SE2d 740) (1987).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 29, 1997.

*Charles N. Davis*, for appellants.
*Morris & Webster, Craig A. Webster*, for appellee.