### A01A0418. SYLAR et al. v. HODGES.
(550 SE2d 438)

JOHNSON, Presiding Judge.

A contract clause provides that if one party must use an attorney to enforce the agreement, then the defaulting party shall pay attorney fees. Under this clause, must the party enforcing the contract show that the other party acted in bad faith in order to recover attorney fees? We hold that the enforcing party is not required to prove bad faith because the plain language of the attorney fees clause imposes no such requirement.

William Sylar, Melissa Sylar and Kevin Lewis entered into a contract to buy a tract of real property in Catoosa County from Elizabeth Hodges for $185,000. The Sylars and Lewis paid Hodges $18,500 in earnest money and agreed to pay the rest of the purchase

---

[10] 153 Ga. App. 116 (264 SE2d 483) (1980).
[11] (Punctuation omitted.) Id. at 118 (1).

price from the proceeds of the sales of two other pieces of property that they own. Their purchase of the house from Hodges was expressly contingent on their sale of these two other pieces of property. Under the contract, if they were unable to sell the properties after six months of diligent effort, either party could then void the contract, and Hodges would be required to return the earnest money to the Sylars and Lewis.

Within the six-month period, the Sylars and Lewis did not sell their two properties. They therefore asked Hodges to return the earnest money, but she refused. The Sylars and Lewis then sued Hodges for the money.

In their lawsuit, the Sylars and Lewis also sought attorney fees on two grounds. They first claimed that Hodges was liable for their attorney fees under OCGA § 13-6-11 because she had acted in bad faith by refusing to return the earnest money. They further claimed that even if Hodges did not act in bad faith, she still had to pay their attorney fees pursuant to a clause in the contract which states: "In the event this agreement is enforced by or through an attorney at law, the defaulting party shall be liable for the attorney fees and expenses of litigation of the non-defaulting party."

The case proceeded to a bench trial. The trial judge ruled in favor of the Sylars and Lewis on their claim for the earnest money, ordering Hodges to return the $18,500 plus interest. But the judge ruled in favor of Hodges on the issue of attorney fees, finding that she had not acted in bad faith and thus is not responsible for the attorney fees incurred by the Sylars and Lewis.

The Sylars and Lewis appeal, challenging the trial court's ruling on the issue of attorney fees. They do not contend that the trial court erred in denying them attorney fees under OCGA § 13-6-11, which requires a showing of bad faith.[1] Instead, they argue that irrespective of bad faith, Hodges must pay their attorney fees pursuant to the contract's attorney fees clause because they had to enforce their right to the return of the earnest money through an attorney. We agree with their argument and therefore reverse the trial court's ruling on the issue of attorney fees under the contract clause.

Parties may establish contract terms on any subject matter in which they have an interest so long as their agreement is not prohibited by statute or public policy.[2] There is no public policy against con-

---

[1] OCGA § 13-6-11 provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

[2] *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561 (1) (422 SE2d 918) (1992).

tracting for the recovery of attorney fees.[3] And we know of no statute prohibiting the recovery of attorney fees as set forth in the contract in this case. In fact, we have upheld contracts which similarly provide that a prevailing party shall recover attorney fees.[4]

Because there is no statute or public policy prohibiting the attorney fees agreement in this case, the dispositive issue is simply whether the Sylars and Lewis are entitled to such fees under their agreement, which requires no showing of bad faith, but only a showing that one party had to hire an attorney to force the defaulting party to comply with the contract. The undisputed facts are that Hodges defaulted on her obligation to return the earnest money after the Sylars and Lewis were unable to sell their two properties and that the Sylars and Lewis then hired an attorney to enforce their contract right to a refund of the money. Those facts, irrespective of whether Hodges had a good faith basis for initially refusing to return the earnest money, are sufficient to support an award of attorney fees under the parties' agreement.[5]

We therefore reverse the trial court's ruling that Hodges is not required to pay the attorney fees incurred by the Sylars and Lewis. And we remand the case with direction that the trial court determine the amount of those fees and then enter an award in that amount in favor of the Sylars and Lewis.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 8, 2001.

*Renzo S. Wiggins*, for appellants.
*Frank B. Perry*, for appellee.

---

[3] Id.
[4] *Discovery Point Franchising v. Miller*, 234 Ga. App. 68, 73-74 (5) (505 SE2d 822) (1998); *Layfield v. Southeastern Constr. Coordinators*, 229 Ga. App. 71, 72 (1) (492 SE2d 921) (1997); *Hope & Assoc.*, supra.
[5] See *Layfield*, supra.