A04A0971. MEISTER et al. v. BROCK.

(602 SE2d 867)

SMITH, Chief Judge.

We granted the discretionary application of appellants Ernst and Kurt Meister in order to consider the trial court's award of penalties and attorney fees under OCGA § 9-15-14. We reject the Meisters' argument that Steve Brock's application for penalties and attorney fees was untimely. However, we vacate the trial court's judgment and remand for entry of findings of fact and conclusions of law supporting the award.

Brock originally filed a complaint against the Meisters contending that they interfered with a contract between Brock and a third party for the purchase of real estate. While the Meisters did not designate the pleading for inclusion in the record, it is undisputed that Brock voluntarily dismissed the action without prejudice on October 23, 2002. On December 6, 2002, 44 days later, the Meisters filed a motion for penalties and attorney fees under OCGA § 9-15-14. This motion is also omitted from the record, but the parties do not dispute the fact or date of its filing. Brock responded to the Meisters' motion and himself moved for penalties and attorney fees under OCGA § 9-15-14.

On September 30, 2003, the trial court denied the Meisters' motion and granted Brock's motion in the amount of $10,000. The order contains no findings of fact supporting the trial court's determination of the merits of the motion.

1. We first consider the Meisters' contention that Brock's motion was untimely filed. The controlling Code section is OCGA § 9-15-14 (e), which provides: "Attorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action." This subsection was amended in 1994 and formerly provided: "Attorney's fees and expenses under this Code section may be requested by motion within 45 days after the final disposition of the action."[1]

---

[1] A motion brought before "final disposition" is therefore no longer premature under such decisions as *Hutchison v. Divorce & Custody Law Center*, 207 Ga. App. 421, 423 (427 SE2d 784) (1993).

The Georgia Supreme Court has interpreted the prior version of this Code section as providing "a 'window of opportunity' for seeking attorney fees under OCGA § 9-15-14 which begins with the entry of final judgment as defined in OCGA § 5-6-34 (a) (1) and ends 45 days later." *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994). The legislative change in the earliest possible date such a motion for attorney fees may be brought does not alter the latest possible date, which remains 45 days after "the entry of final judgment as defined in OCGA § 5-6-34 (a) (1)." Id.

While the Meisters argue that a voluntary dismissal is a "final disposition" because "the case is no longer pending in the court below" under OCGA § 5-6-34 (a) (1), this argument ignores the full language of that Code section, which applies only to "judgments and rulings of the superior courts" under subsection (a) and to "final judgments" under subsection (a) (1). As we have observed in the past, even a voluntary dismissal *with prejudice* filed by the plaintiff is not "a judgment (or other order) rendered by a court having jurisdiction over the matter." *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 2-3 (456 SE2d 71) (1995). Moreover, a mere voluntary dismissal under OCGA § 9-11-41 (a) is not "final" because OCGA § 9-2-61 allows an action to be renewed after dismissal. "Final disposition" does not occur until a second dismissal, OCGA § 9-11-41 (a) (3), expiration of "the original applicable period of limitations," OCGA § 9-2-61, or "six months after the discontinuance or dismissal, whichever is later," OCGA § 9-2-61. Under the Meisters' proposed interpretation of "final disposition," the "window of opportunity" would begin to run while the case could still be renewed, and a litigant could lose the right to seek OCGA § 9-15-14 penalties after a dismissal that proved to be only temporary rather than final.

Our conclusion is consistent with our decisions interpreting the similar deadline in the abusive litigation statute, which provides that such a claim "must be brought within one year of the date of final termination." OCGA § 51-7-84 (b). In *Stocks v. Glover*, 220 Ga. App. 557, 559 (469 SE2d 677) (1996), we held that a voluntary dismissal without prejudice is not "final termination" of an action within the meaning of OCGA § 51-7-84 (b). The 45-day "window of opportunity" therefore did not begin to run with Brock's voluntary dismissal without prejudice, and his motion in response to the Meisters' motion filed on the 44th day after dismissal was not untimely.

2. The Meisters also contend the trial court erred in failing to include findings of fact in its order awarding attorney fees and expenses of litigation.[2] We agree. "When a judgment awards legal fees

---

[2] The Meisters originally attempted to raise this contention by motion to dismiss, which

or expenses of litigation under OCGA § 9-15-14, but contains no findings by the trial court of conduct that would authorize the award, that portion of the judgment must be vacated. [Cit.]" *Wyatt v. Hertz Claim Mgmt. Corp.*, 236 Ga. App. 292, 293 (2) (511 SE2d 630) (1999). Accordingly, the trial court's judgment is vacated, and we direct the trial court upon remand to reconsider the award under OCGA § 9-15-14, make appropriate findings of fact, and enter a new judgment from which appeal by either party is authorized. Id.

3. Brock's motion for imposition of frivolous appeal penalties is denied.

*Judgment vacated and case remanded. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 30, 2004.

*Wood & Meredith, Hugh C. Wood,* for appellants.
*Ashe, Rafuse & Hill, William B. Hill, Jr., Robert C. Newcomer, Patricia F. Ammari,* for appellee.

---

was denied. Motions to dismiss are intended to address procedural and technical issues having to do with the prosecution of the appeal itself, not the underlying substantive questions or alleged errors of law committed by the trial court in the judgment appealed from.