**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 9, 2018**

# In the Court of Appeals of Georgia

A18A1194. EAGLE JETS, LLC. v. ATLANTA JET, INC.

MILLER, Presiding Judge.

Eagle Jets, LLC sued Atlanta Jet, Inc. for breach of contract and other claims. After a jury trial at which Atlanta Jet prevailed, the trial court entered judgment in favor of Atlanta Jet, but denied its motion to recover attorney fees under a fee-shifting provision in the parties' contract. On appeal, we affirmed the judgment in favor of Atlanta Jet, but reversed the denial of attorney fees and remanded for the trial court to determine the proper amount of fees to which Atlanta Jet was entitled. *Eagle Jets v. Atlanta Jet*, 321 Ga. App. 386 (740 SE2d 439) (2013).

On remand, Atlanta Jet sought $1,973,049.19 in attorney fees that it incurred in defending against Eagle Jets' claims, including the non-contract claims. The trial court granted Atlanta Jet the full amount requested, ruling that although Atlanta Jet

was contractually entitled only to attorney fees related to Eagle Jets' breach of contract claim, that claim was too intertwined with the non-contract claims to permit the separation of the fee amount for the work performed. Eagle Jets now appeals.

After a thorough review of the record, we conclude that the trial court properly ruled that Atlanta Jet's fee recovery is not limited by OCGA § 13-1-11 and that the parties' contract permitted recovery only of contract-related attorney fees, but that fees related to tort claims that were intertwined with the contract claims also could be recovered. However, we are unable to conclude that the trial court properly exercised its discretion in awarding Atlanta Jet the full amount of requested fees. We therefore vacate the fee award and remand this case for further proceedings.

Our prior opinion in this case contains a detailed recitation of the factual background, which we need not repeat here. See *Eagle Jets*, supra, 321 Ga. App. at 386-391. For present purposes, we note that Atlanta Jet – acting as a broker – located a helicopter in Bolivia, purchased it, and immediately resold it to Eagle Jets for $1.025 million. See id. The resale was memorialized in an Airline Purchase Agreement ("APA") entered into between Atlanta Jet and Eagle Jets. An inspection of the helicopter revealed the need for several repairs, some of which would be performed in Bolivia before the sale and others in Florida thereafter. Id. at 389. After

Eagle Jets remitted the purchase price, a ferry flight was arranged to transport the helicopter from Bolivia to Florida. Id. at 390. On board were three people – Sergio Rodrigo, "a key person involved in the helicopter purchase"; a Bolivian pilot; and the pilot's friend. Id. at 386. The helicopter crashed in Bolivia, killing Rodrigo and the pilot and injuring the friend. Id.

Eagle Jets sued Atlanta Jet, claiming that the crash resulted from negligence on the part of Rodrigo and the pilot, who were acting as agents of Atlanta Jet.[1] Eagle Jets asserted a claim for breach of the APA, alleging that "[a]s a proximate result of the pilot error and negligence of [Atlanta Jet's agents], the helicopter was destroyed thus preventing [Atlanta Jet] from delivering the helicopter to [Eagle Jets]." Eagle Jets also asserted claims for promissory estoppel, negligence, and unjust enrichment. Eagle Jets sought recovery of the purchase price and incidental expenses, as well as attorney fees and expenses. Eagle Jets later amended its complaint, retaining the breach of contract claim but omitting any reference to the APA. Eagle Jets contended that because it never signed the APA, the sale transaction was governed by an oral agreement between the parties rather than by the APA. See *Eagle Jets*, supra, 321 Ga.

---

[1] Specifically, Eagle Jets contended that the crew confused gallons with liters, thereby under-fueling the aircraft.

App. at 392 (2). In the amended complaint, Eagle Jets also added claims for bailment, fraud, contribution, indemnity,[2] and punitive damages.

The case proceeded to a jury trial. Using a special verdict form, the jury found that the APA governed Atlanta Jet's sale of the helicopter to Eagle Jets and that Atlanta Jet did not breach the APA. The jury also found that Rodrigo acted as a dual agent of both Atlanta Jet and Eagle Jets, thus foreclosing Eagle Jets' negligence claim, and it rejected Eagle Jets' other theories of recovery. Atlanta Jet then filed a motion for attorney fees under a provision of the APA permitting the prevailing party to recover such fees "[i]f litigation is instituted to enforce this Agreement." The trial court denied the motion, finding that Eagle Jets had not instituted the litigation to enforce the APA because it had amended its complaint to assert theories of liability under a different agreement.

Eagle Jets appealed from the judgment against it on the merits, and Atlanta Jet appealed from the trial court's denial of its motion for attorney fees. We affirmed the trial court's judgment in favor of Atlanta Jet, but reversed the denial of Atlanta Jet's motion for attorney fees. *Eagle Jets*, supra, 321 Ga. App. at 386. We concluded that

---

[2] Eagle Jets sought indemnification for legal claims that had been filed against Eagle Jets by the estates of Rodrigo and the pilot, and by the surviving friend.

Eagle Jets' complaint, despite subsequent amendments, had been instituted to enforce the APA, that Atlanta Jet was the prevailing party, and that Atlanta Jet was therefore entitled to attorney fees under the APA. Id. at 400-403. Accordingly, we remanded the case "for further proceedings to determine the proper amount of fees to be awarded." Id. at 403.

On remand, the trial court considered Atlanta Jet's original request for attorney fees and expenses, as well as a supplemental request that Atlanta Jet filed seeking fees and costs incurred on appeal. Atlanta Jet took the position that it was entitled to attorney fees and costs associated with its defense of all of Eagle Jets' claims, totaling $1,973,049.19. Eagle Jets, on the other hand, argued that the APA permitted recovery only of fees and costs associated with the breach of contract claim, that Atlanta Jet bore the burden of proving which of its requested fees were allocated to the contract claim, and that an evidentiary hearing was necessary to determine this allocation and the reasonableness and necessity of Atlanta Jet's requested fees.

At the hearing on the motion for attorney fees, the parties argued at length about whether testimony should be heard on the issue of the reasonableness of the fees and allocation of fees attributable to the contract claim. The trial court, with the agreement of the parties, decided to defer the issue of whether testimony should be

5

had until it ruled on legal issues that might render the need for such testimony moot. The trial court subsequently entered an order awarding Atlanta Jet the full amount of its requested fees and costs. Based upon its written ruling that the claims were too intertwined to allow allocation, the trial court apparently concluded that testimony on the issue was unnecessary.

The trial court concluded that the APA's attorney fee provision limited recovery to fees incurred in litigation over breach of contract and excluded fees related to tort claims. Nevertheless, the trial court ruled that recovery for legal work on tort claims would be permissible if those claims were "intertwined" with the contract claim. The trial court recognized that Eagle Jets' "tort claims were distinct from the agreement," but nevertheless concluded that the claims were intertwined:

> [T]he foundation of the litigation was the purchase of the helicopter and delivery to the purchaser. The trial of the case involved the presentation of evidence which supported both the tort claims and the breach of contract claims. The APA was central to the dispute and the tort and contract issues were closely intertwined, and are not easily (if at all) capable of being distinguished.

Finally, the trial court rejected Eagle Jets' contention that the amount of Atlanta Jet's fee request was not reasonable.

Eagle Jets filed an emergency motion to stay the judgment and for reconsideration, arguing that OCGA § 13-1-11 either barred Atlanta Jet's fee request or capped any fee recovery at a percentage of the contract amount. The trial court granted the motion and vacated its fee order pending a hearing on that issue. After the hearing, the trial court entered an order ruling that OCGA § 13-1-11 did not apply and reinstating its fee order. The trial court then entered judgment in favor of Atlanta Jet for $1,973,949.19, and Eagle Jets appeals.

1. Eagle Jets argues that OCGA § 13-1-11 applies to this case and either prohibits Atlanta Jet's attorney fee recovery entirely, because Atlanta Jet failed to give the required statutory notice of its intention to seek fees, or at least limits that recovery to a statutory percentage of the contract amount. We agree with the trial court, however, that OCGA § 13-1-11 does not apply here.

> Under our well-established rules of statutory construction, we
>
> presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its "plain and ordinary meaning," we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural

7

and reasonable way, as an ordinary speaker of the English language would.

(Citation and punctuation omitted.) *Patton v. Vanterpool*, 302 Ga. 253, 254 (806 SE2d 493) (2017).

OCGA § 13-11-1 provides that "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity[.]" OCGA § 13-1-11 (a). "The purpose of OCGA § 13-1-11 is to prevent a contractual provision for attorney's fees from constituting a penalty for failure to pay an indebtedness." (Citation omitted.) *Radioshack Corp. v. Cascade Crossing II*, 282 Ga. 841, 845 (653 SE2d 680) (2007). To that end, the statute contains two provisions of which Eagle Jets seeks to avail itself – a requirement that the party seeking repayment of the debt "giv[e] the debtor notice and an opportunity to meet his obligation without incurring additional expenses in the nature of attorney's fees" and a fee cap "limiting the amount of attorney's fees" to a statutory percentage. (Citations and punctuation omitted.) Id.; see also OCGA §§ 13-1-11 (a) (2) and 13-1-11 (a) (3).

8

Eagle Jets argues that the statutory term "evidence of indebtedness" should be broadly construed to apply to any contract creating an obligation to pay money, including the APA. Eagle Jets relies on *Radioshack Corp. v. Cascade Crossing II*, supra, in which the Supreme Court ruled that the term "has reference to any printed or written instrument . . . which evidences on its face a legally enforceable obligation to pay money." (Citation and punctuation omitted.) 282 Ga. at 846. But even if the APA constitutes "evidence of indebtedness," the statute explicitly applies "only where attorney fees were incurred in the collection of a 'note or other evidence of indebtedness' upon maturity and default." (Footnotes omitted.) *Colonial Bank v. Boulder Bankcard Processing*, 254 Ga. App. 686, 689 (5) (563 SE2d 492) (2002); see also *Boddy Enterprises v. City of Atlanta*, 171 Ga. App. 551, 553 (320 SE2d 374) (1984) (statute "was intended to apply only in default situations where an indebtedness is collected by or through an attorney after maturity") (punctuation omitted). Long before this lawsuit was filed, Eagle Jets paid its contractual debt to Atlanta Jets by remitting the helicopter purchase price. Thus, this litigation was not an attempt to collect on a defaulted debt after maturity, and OCGA § 13-1-11 has no application here.

Accordingly, Atlanta Jet's fee recovery is not controlled by the statutory notice and fee cap provisions in OCGA § 13-1-11, and we affirm the trial court's ruling in this regard.

2. Eagle Jets also argues that the trial court erred by concluding that Atlanta Jet could recover fees related to its defense of all claims. In Eagle Jets' view, the contract and non-contract claims were not so intertwined as to prohibit the separation of hours spent on each. Atlanta Jet, on the other hand, takes the position that the APA permitted recovery of all attorney fees, regardless of the nature of the claim, and that even if it did not, Eagle Jets' contract and tort claims were so intertwined that it is impracticable to parse the origin of the fees.

We conclude that the trial court correctly ruled that fees recoverable under the APA were limited to those incurred in litigating breach of contract claims, but that fee separation would not be required if contract and non-contract claims were too intertwined to allow the separation of fees. We further conclude, however, that the trial court did not properly exercise its discretion in ruling that Eagle Jets' claims were too intertwined to permit any separate fee allocation.

(a) First, we consider whether the APA permitted recovery of fees for legal work related to both contract and non-contract claims. We agree with the trial court that recovery for non-contract claims was not allowed under the APA.

As we noted in our prior opinion in this case, "[i]n the absence of a controlling statute, a party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation." (Citation omitted.) *Eagle Jets*, supra, 321 Ga. App. at 401. "The construction of a contract is a question of law for the court," and we look to the contract alone where its terms are clear and unambiguous. (Citation omitted.) Id.; see also *Marino v. Clary Lakes Homeowners Assn.*, 331 Ga. App. 204, 208 (1) (770 SE2d 289) (2015). If a contract is ambiguous in some respect, we apply rules of contract construction to resolve the ambiguity. *Ga. State Financing & Investment Commn. v. XL Specialty Ins. Co.*, 303 Ga. App. 540, 542 (1) (694 SE2d 193) (2010).

> First, any ambiguity would need to be resolved most strongly against the drafter of the contract. Second, we would prefer the construction of the contract which would uphold the contract in whole and in every part, and would not construe one provision of the contract so as to defeat the plain import of another provision.

11

(Citations and punctuation omitted.) Id. at 543 (1); see also *Willesen v. Ernest Communications*, 323 Ga. App. 457, 460 (1) (746 SE2d 755) (2013) (we must "give the contract a reasonable construction that will uphold the agreement rather than a construction that will render the agreement meaningless and ineffective") (citation and punctuation omitted).

The attorney fee provision of the APA, found in Paragraph 16 of the agreement, states:

> Litigation Expenses: If litigation is instituted to enforce this Agreement, the prevailing party shall be awarded its attorney's fees incurred and all litigation costs, including depositions, expert witness fees, photographic expense, witness and travel lodging expense and all court costs.

Thus, according to its plain language, Paragraph 16 is triggered only when "litigation is instituted to enforce *this agreement*." (Emphasis supplied.) See *Eagle Jets*, supra, 321 Ga. App. at 401. When that circumstance occurs, the prevailing party is entitled to "attorney's fees incurred and all litigation costs." We find no ambiguity in this language, and we construe it to mean that recoverable fees and costs are those incurred in connection with claims that were "instituted to enforce this agreement" (i.e., claims brought for breach of the APA). Fees and costs incurred in connection with claims that were not "instituted to enforce this agreement" (i.e., non-contract

12

claims) fall outside the purview of Paragraph 16. See *Gil v. Mansano*, 17 Cal. Rptr. 3d 420, 423 (Cal. Ct. App. 2004) ("Where a contract authorizes an award of attorney fees in an action to enforce any provision of the contract, tort claims are not covered.") (citations omitted).

Even if we determined that Paragraph 16 was ambiguous as to which attorney fees were recoverable, we would reach the same conclusion. First, we must resolve any ambiguities in Paragraph 16 against its drafter, Atlanta Jet.[3] See *Ga. State Financing*, supra, 303 Ga. App. at 543 (1). Second, to hold that fees related to all claims were recoverable would strip the phrase "litigation . . . instituted to enforce this agreement" of meaning. See id. Because the filing of a claim of breach of the APA is necessary to trigger Paragraph 16, it follows that the recoverable fees are those related to that triggering claim. Thus, the trial court correctly ruled that

---

[3] If Atlanta Jet had wished to allow for the recovery of fees and costs for *all* claims, it could have crafted Paragraph 16 more broadly. See, e.g., *In re Estate of Gattis*, 318 P3d 549, 558 (III) (C) (Col. Ct. App. 2013) (contractual provision allowing recovery of attorney fees in any litigation "relating to" the contract covered all claims surrounding contractual subject matter); *Caufield v. Cantele*, 837 So2d 371, 378-380 (Fla. 2002) (provision permitting recovery of fees in any action "arising out of" the contract encompassed recovery for defense of tort claim).

13

Paragraph 16 did not allow Atlanta Jet to recover attorney fees incurred in the defense of Eagle Jets' non-contract claims.[4]

(b) Next, we examine whether, despite the language of the APA, Atlanta Jet nevertheless may be entitled to recover fees related to its defense of all claims in this case. We conclude, as the trial court did, that recovery is permissible for claims that were too intertwined with the breach of contract claim to permit fee separation.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." (Citation omitted.) *O'Keefe v. O'Keefe*, 285 Ga. 805 (684 SE2d 266) (2009). Accordingly, an attorney fee award must be limited to those fees attributable to the claim or claims upon which fees are authorized. *Krayev v. Johnson*, 327 Ga. App. 213, 223 (3) (757 SE2d 872) (2014). That is, a party "is entitled to recover attorney fees only for that portion of the fees which are allocable to the attorney's efforts to prosecute the cause of action . . . on which the prayer for

---

[4] Contrary to Atlanta Jet's suggestion, our previous opinion did not establish that Atlanta Jet was entitled to recover attorney fees for its defense of Eagle Jets' non-contract claims. Rather, we held that Paragraph 16 applied because Atlanta Jet was the prevailing party in Eagle Jets' litigation to enforce the APA. See *Eagle Jets*, supra, 321 Ga. App. at 401-403. We did not address or determine the scope of fees to which Atlanta Jet was entitled.

14

attorney fees is based." *Arford v. Blalock*, 199 Ga. App. 434, 439 (9) (405 SE2d 698) (1991), aff'd, *Wilensky v. Blalock*, 262 Ga. 95 (414 SE2d 1) (1992).[5]

"Where a party is entitled to recover fees on only part of his claim, he must present proof to show what portion of the fees was allocable to that claim." (Citations omitted.) *Executive Excellence v. Martin Brothers Investments*, 309 Ga. App. 279, 289 (3) (710 SE2d 169) (2011); see also *Whitaker v. Houston County Hosp. Auth.*, 272 Ga. App. 870, 873 (1) (613 SE2d 664) (2005) (party seeking fees "ha[s] the burden of proof and must segregate out the hours that are recoverable from those hours not recoverable") (citation and punctuation omitted).

As the trial court noted here, there is an exception to this requirement: "[I]f the trial court finds that the various claims are so similar that it would be too difficult to separate the hours spent on each, the [party entitled to fees] is not required to allocate his hours[.]" (Citation and punctuation omitted.) *Krayev*, supra, 327 Ga. App. at 223 (3); see also *Campbell v. Beak*, 256 Ga. App. 493, 498 (5) (568 SE2d 801) (2002) (separation of fees between compensable and non-compensable claim was not necessary due to "the similarity of the two claims and the difficulty of separating

---

[5] Although attorney fees were awarded in *Krayev* and *Arford* under OCGA § 13-6-11 rather than under the parties' contract, we find those and other cases involving statutory attorney fees to be persuasive on the question of fee allocation.

15

them"). That is, fee separation is not required if the evidence shows that the claims were so "intertwined" that work performed in connection with other claims was "necessary as well" for the claim on which fees were allowed. *Huggins v. Chapin*, 233 Ga. App. 109, 110 (503 SE2d 356) (1998).

(c) Finally, we turn to the trial court's conclusion that Eagle Jets' contract claim and non-contract claims were "closely intertwined, and are not easily (if at all) capable of being distinguished." Based on the record before us, we cannot determine that the trial court properly exercised its discretion in reaching that conclusion.

In its original fee request, Atlanta Jet sought approximately $1,697,526.25 in attorney fees , a figure nearly 1.7 times the helicopter purchase price of $1.025 million. In support of the fee request, Atlanta Jet submitted almost 500 pages of legal billing records, with many entries containing redactions and/or very general descriptions of the legal work involved. Atlanta Jet did not indicate which fees were associated with which of Eagle Jets' multiple claims. Atlanta Jet later submitted a supplemental request for $275,522.94 in costs incurred in defending Eagle Jets' appeal and pursuing its own appeal, bringing its total fee request to nearly $2 million. The supplemental request included approximately 130 additional pages of billing

16

records with – again – many entries redacted and/or generalized and no apparent fee separation. To date, Atlanta Jet has made no attempt to separate any of its fees.

In response to Atlanta Jet's fee request, Eagle Jets contended, among other things, that "the vast bulk of the work on this case clearly arose from the prosecution and defense of th[e] tort claims and not from the prosecution and defense of those claims that sounded in contract." In particular, Eagle Jets argued that issues such as insurance coverage and the cause of the crash – upon which the parties apparently expended substantial legal work – had nothing to do with the breach of contract claim. Further, Eagle Jets claimed that Atlanta Jet's billing records were "ambiguous" and failed to indicate whether certain entries reflected work on contract claims or tort claims. Eagle Jets scrutinized the billing records in an effort to identify which tasks were associated with which legal issues, and Eagle Jets maintained that at least $613,124.86 of the claimed fees and expenses were associated with work that was not related to Atlanta Jet's defense of the breach of contract claim.

In further briefing and argument below, Atlanta Jet did not specifically respond to Eagle Jets' proposed fee separation, did not point to any particular errors in Eagle Jets' analysis of its billing records, and did not attempt to flesh out its generalized time entries. Instead, it asserted broadly that Eagle Jets' negligence, bailment, and

17

fraud claims were so intertwined with the APA that Atlanta Jet was entitled to recover all fees. Atlanta Jet has pointed to a few "example[s]" of overlapping evidentiary proof at trial, such as its reliance upon a provision in the APA to defend against one of Eagle Jets' fraud allegations, and its use of evidence of the parties' APA negotiations to show that Rodrigo was a dual agent. But Atlanta Jet fails to articulate why at least some portion of its nearly $2 million legal bill cannot be attributed to work on non-contract claims.

We review the trial court's fee award for abuse of discretion.[6] See *Rowen v. Estate of Hughley*, 272 Ga. App. 55, 58 (1) (611 SE2d 735) (2005). Although this standard of review is deferential, "it is not toothless." (Citation omitted.) *RES-GA LJY v. Y. D. I., Inc.*, 322 Ga. App. 607, 609 (745 SE2d 820) (2013). "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Citation and punctuation omitted.) Id.; see also *Intl. Harvester Co. v. Cunningham*, 245 Ga. App. 736, 739 (1) (538 SE2d 82) (2000) (trial court's exercise of discretion "must be based on sound legal analysis").

---

[6] Eagle Jets asserts, incorrectly, that our review here is de novo.

18

In this case, the trial court's fee order contains conflicting factual findings regarding the intertwinement of claims. On one hand, the trial court noted that the "tort claims are distinct from the agreement. For instance, whether there was negligence involved in the operation of the helicopter does not involve analysis of the terms of the Purchase Agreement." On the other hand, the trial court found that "[t]he APA was central to the dispute and the tort and contract issues were closely intertwined." These opposing characterizations of the relationship among the claims in this case are difficult to reconcile and undermine the trial court's ultimate finding of intertwinement.

Even if we were to ignore the trial court's finding that the contract and non-contract claims are "distinct," the fee order did not explain how the claims were intertwined. Although the trial court stated that the trial of the case "involved the presentation of evidence which supported both the tort claims and the breach of contract claims," the trial court did not identify that evidence. Nor did the trial court address Eagle Jets' contention that approximately $600,000 of the requested fees applied only to the tort claims.

Further, the trial court did not require Atlanta Jet to shoulder its burden of proving that the claims were too intertwined to permit the separation of fees, instead

allowing it to make only generalized assertions of connectedness. See *Executive Excellence*, supra, 309 Ga. App. at 289 (3) (party seeking attorney fees has burden of proving which fees are allocable to claim on which fees are allowed); *Whitaker*, supra, 272 Ga. App. at 873 (1) (same). And despite the size of the fee request in this case, the legal conclusions in the trial court's written order evince that Eagle Jets was not provided an opportunity to present testimony concerning the feasibility of fee separation. "When a party seeking attorney fees has failed to present an essential element of proof, but the trial court nevertheless awarded attorney fees, we have consistently reversed or vacated" that ruling and remanded for further proceedings. (Citation and punctuation omitted.) *Hardnett v. Ogundele*, 291 Ga. App. 241, 245-246 (2) (661 SE2d 627) (2008).

In light of the trial court's conflicting factual findings, the fee order's failure to reference supporting evidence, the disallowance of testimony on fee separation, and Atlanta Jet's failure to carry its burden of showing the infeasibility of separating its hours, we must conclude that the trial court did not properly exercise its discretion in awarding Atlanta Jet the full amount of its nearly $2 million fee request, with no fee separation whatsoever. We therefore vacate the trial court's fee award and remand the case for further proceedings.

20

3. Finally, Eagle Jets argues that the trial court erred by failing to determine whether the fees that Atlanta Jet sought were reasonable. However, given the plain language of Paragraph 16, we agree with the trial court that "[t]here is no need for evidence of the reasonable value of [Atlanta Jet's] fees."

Paragraph 16 provides that the prevailing party in litigation to enforce the APA "shall be awarded its attorney's fees incurred and all litigation costs." Paragraph 16 does not require the party seeking attorney fees to prove that its fees and costs were reasonable. And in light of our decision in *Layfield v. Southeastern Constr. Coordinators*, 229 Ga. App. 71 (492 SE2d 921) (1997), we are not at liberty to write such a requirement into the parties' agreement. See id. at 72 (rejecting reasonableness argument because fee award was specifically governed by contract, contract was in evidence, and there was evidence regarding the amount of fees incurred); compare *Northside Bank v. Mountainbrook of Bartow County Homeowners Assn.*, 338 Ga. App. 126, 128-130 (2) (789 SE2d 378) (2016) (homeowners association that prevailed in action for delinquent assessments was entitled to reasonable, not actual, attorney fees because governing declaration provided for recovery of "*reasonable* attorney fees") (punctuation omitted; emphasis supplied).

Here, as in *Layfield*, the APA was in evidence, as were affidavits from Atlanta Jet's lawyers and copies of their billing records showing the amount of legal fees that Atlanta Jet incurred in defending the lawsuit. The trial court properly ruled that this was a "sufficient evidentiary predicate [] for an award of attorney fees."

In sum, we affirm the trial court's rulings that OCGA § 13-1-11 does not apply in this case, that the APA's attorney fee provision permits recovery of fees related to breach of contract litigation, and that Atlanta Jet also may recover fees related to other claims that are too intertwined with the contract claim to permit fee separation. However, we vacate the trial court's fee award and remand for further proceedings, consistent with this opinion.

*Judgment affirmed in part, vacated in part, and case remanded. Brown and Goss, JJ., concur.*