NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: December 20, 2024

S24A1094. COOK-ROSE et al. v. WAFFLE HOUSE, INC. et al.

PETERSON, Presiding Justice.

This appeal is about whether a trial court's order could be immediately appealed or only after securing a certificate of immediate review from the trial court. After the plaintiffs in this case voluntarily dismissed their first suit and then filed a renewal action, the trial court awarded attorneys' fees to the defendants in the dismissed action. The plaintiffs appealed the attorneys' fees order by filing an application for discretionary review. The Court of Appeals dismissed the application for failure to obtain a certificate of immediate review from the trial court, reasoning that, because the plaintiffs renewed their lawsuit, the case was still pending below and the award order was not a final judgment under OCGA § 5-6-34 (a) (1). We granted certiorari.

We conclude that the renewed suit was a new case, not a continuance of the dismissed case, and so the pendency of the renewal action did not mean that the dismissed case was still pending below. Because the operative language of OCGA § 5-6-34 (a) (1) permits an immediate appeal when "the case is no longer pending in the court below," no certificate of immediate review was required and the Court of Appeals erred in dismissing the application for discretionary review. We therefore reverse and remand for consideration of that application.

1. *The underlying proceedings*

The underlying facts are not in dispute. In October 2019, several individuals (the "Plaintiffs") filed a premises liability suit against Waffle House, Inc. and WH Capital LLC (the "Defendants"). In April 2021, the Defendants filed a motion for sanctions due to the Plaintiffs' alleged failure to comply with the trial court's discovery order. In July 2021, while the motion for sanctions was pending, the Plaintiffs dismissed their lawsuit without prejudice. In September 2021, the Defendants filed an OCGA § 9-15-14 motion for attorneys'

fees, arguing that the Plaintiffs attempted to escape sanctions by dismissing their lawsuit.

Thereafter, the Plaintiffs filed a renewal action under OCGA § 9-2-61 (a).[1] In July 2022, the trial court awarded the Defendants $101,082 in attorneys' fees in the dismissed case. The Plaintiffs sought to appeal the attorneys' fees award by filing an application for discretionary appeal. The Court of Appeals dismissed the application, concluding that because the Plaintiffs had filed a renewal action, the "action remains pending below" making the fee award a non-final order, and thus the Plaintiffs were required to

---

[1] That subparagraph provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

The record does not reveal the status of the renewal action, but the Plaintiffs asserted in their primary brief to this Court that it remains pending.

3

obtain a certificate of immediate review. The Court of Appeals's analysis relied in part on *Eidson v. Croutch*, 337 Ga. App. 542 (788 SE2d 129) (2016).

2. *Analysis*

The Plaintiffs argue on appeal that the Court of Appeals erred in dismissing their application because *Eidson* was wrongly decided and should not be followed. The Plaintiffs also argue that, even if *Eidson* was correctly decided, it does not apply to renewal actions. We agree that the Court of Appeals erred in dismissing their application and need not consider the propriety of *Eidson* as it does not apply here.

A party seeking to appeal a trial court's order to this Court or the Court of Appeals must follow the procedures laid out in two code sections, OCGA § 5-6-34 and OCGA § 5-6-35. OCGA § 5-6-34 (a) lists the trial court judgments and orders that may be appealed immediately, while subsection (b) provides that for other orders a party must follow the interlocutory appeal procedure to obtain trial court permission to seek appellate review. We have said that even

4

where the judgment or order is subject to an immediate appeal under OCGA § 5-6-34 (a), if the underlying subject matter is listed in OCGA § 5-6-35 (a), a party must follow the discretionary application process. See *Grogan v. City of Dawsonville*, 305 Ga. 79, 82 (2) (823 SE2d 763) (2019). The order at issue here would be subject to the interlocutory appeal procedure if it was not a final order; but if it was a final order, then a discretionary application was required because an award of fees under § 9-15-14 is listed under OCGA § 5-6-35 (a) (10).

The question here is whether the order awarding fees was a "final judgment," which is defined as "where the case is no longer pending in the court below[.]" OCGA § 5-6-34 (a) (1).

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning[.]

5

*Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 852 (2) (a) (797 SE2d 814) (2017) (quoting *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013)).

The definition of "final judgment" is clear and unambiguous on its face. It merely requires a court to determine whether "the case is no longer pending below." It stands to reason that a case that is dismissed is no longer pending below. The Court of Appeals concluded wrongly here that the dismissed case was still pending based on the pendency of the renewal action.[2] Although the renewed case and the dismissed case are connected in some ways, they are not the same.

It is firmly established that a renewal action is an action de novo. See, e.g., *Robinson v. Boyd*, 288 Ga. 53, 56 (2) (701 SE2d 165) (2010); *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). This means that a renewal action is a new case and is *not* a

---

[2] In its order, the Court of Appeals referred to "action" when discussing OCGA § 5-6-34 (a) (1), but the terms "case" and "action" are often used interchangeably. See *State v. SASS Group, LLC*, 315 Ga. 893, 900 (II) (a) (885 SE2d 761) (2023) ("[The term] 'action' is ordinarily and more commonly used to mean a case or lawsuit[.]").

continuance of the original, dismissed action. See *SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (809 SE2d 819) (2018) ("It is well settled that the 'recommenced' case envisioned by [OCGA § 9-2-61 (a)] is an action *de novo*, and is not a continuance of the original action." (citations and punctuation omitted)); *Cox v. Strickland*, 120 Ga. 104, 109 (5, 6) (47 SE 912) (1904) (noting that the predecessor to OCGA § 9-2-61 did "not contemplate a revival or continuance of the original suit . . . but that, the first having been discontinued, dismissed, or nonsuited, a new and distinct suit may be brought"); see also *Carr v. Yim*, 369 Ga. App. 389, 395 (893 SE2d 801) (2023) ("[A] renewal action is a new action[.]"); *Archie v. Scott*, 190 Ga. App. 145, 146 (2) (378 SE2d 182) (1989) ("It is clear . . . that an action renewed pursuant to OCGA § 9-2-61 (a) is an action *de novo,* not a continuance of the original action." (citation and punctuation omitted)). The Defendants make several arguments, but none of them grapple with this longstanding precedent that a renewal action is not a continuance of the dismissed case.

The Defendants first suggest that because OCGA § 9-15-14 (e)

7

provides that a motion for attorneys' fees can be filed up to 45 days after the "final disposition of the action" — a phrase that has been interpreted synonymously with the phrase "final judgment" under OCGA § 5-6-34 (a) (1)[3] — the case remained pending below once the Defendants filed such a motion following the Plaintiffs' voluntary dismissal. But even if that is true, this argument offers no reason why the resolution of that motion is not itself a final judgment for purposes of OCGA § 5-6-34 (a) (1).

The Defendants next argue that the Court of Appeals's decision here is consistent with *Meister v. Brock*, 268 Ga. App. 849 (602 SE2d 867) (2004). But that case does not apply. In *Meister*, the Court of Appeals considered whether the plaintiff's OCGA § 9-15-14 motion (filed in response to the defendants' § 9-15-14 motion) was filed within 45 days of a "final disposition" when more than 45 days had elapsed since the plaintiff's voluntary dismissal.[4] 268 Ga. App. at

---

[3] See, e.g., *Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 793 (439 SE2d 482) (1994); *Kim v. Han*, 339 Ga. App. 886, 888 (1) (795 SE2d 191) (2016).

[4] The Court of Appeals's opinion does not expressly say that the plaintiff's motion was filed more than 45 days after the voluntary dismissal, but the

849 (1). The Court of Appeals's conclusion that the plaintiff's OCGA § 9-15-14 motion was timely in that case is not determinative of whether the fee award here is a final judgment under OCGA § 5-6-34 (a) (1). Indeed, as the Court of Appeals observed, a voluntary dismissal is not a final judgment under § 5-6-34 (a) (1), because that code section applies only to "judgments and rulings" of certain courts and a voluntary dismissal is not such a judgment or order. 268 Ga. App. at 850 (1). In contrast, the fee award here is such a ruling, and the dismissed case otherwise meets the definition under § 5-6-34 (a) (1).[5]

---

defendant's motion was filed on the 44th day after dismissal and the plaintiff's motion was filed in response. *Meister*, 268 Ga. App. at 849.

[5] Because we conclude that *Meister* is inapplicable, we need not decide whether all of its reasoning was correct. For instance, the Court of Appeals said a "voluntary dismissal" is not "final" because the action could be renewed, but the question of finality in that case was whether the plaintiff's motion was filed "within 45 days after final disposition of the action" under OCGA § 9-15-14 (e). 268 Ga. App at 850 (1). And despite suggesting that a court order is a necessary element of a final judgment under § 5-6-34 (a) (1), and thus a final disposition under OCGA § 9-15-14 (e), the Court of Appeals then described situations in which a voluntary dismissal would be a "final disposition" that required no court order at all. See 268 Ga. App. at 850 (1) (describing a second dismissal or the lapse of six months from date of the first dismissal as constituting a "final disposition"); see also Black's Law Dictionary 572 (10th ed. 2014) (defining "disposition" as, among other things, "[a] final settlement or determination," as in "the court's disposition of the case").

9

Finally, the Defendants argue that *Eidson*, relied on by the Court of Appeals here, was correctly decided. But *Eidson* does not apply. There, a plaintiff filed suit in Gwinnett County asserting claims arising from a motor vehicle collision. *Eidson*, 337 Ga. App. at 542. In two orders entered on the same day, the trial court awarded OCGA § 9-15-14 fees to the plaintiff and granted the plaintiff's motion to transfer venue to another county. Id. The defendant filed an application for discretionary review of the fee award, and the Court of Appeals dismissed the appeal because the order was interlocutory in nature. The Court of Appeals's conclusion rested solely on the fact that it was "undisputed that the negligence action remain[ed] pending below" at the time the discretionary application was filed and the transfer order did not act as a final judgment. Id. at 543-544. That point alone renders *Eidson* inapplicable here, and nothing more can be gleaned from *Eidson*, because it did not address any of the issues of statutory interpretation involved here. See *Cook v. State*, 313 Ga. 471, 478 (2) (a) (870 SE2d 758) (2022) ("Decisions of this Court and of the Court

of Appeals do not stand for points that were neither raised by the parties nor actually decided in the resulting opinion, and questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (citation and punctuation omitted)).

To sum up, the fact that the Plaintiffs could and did renew their action did not mean the dismissed case was "pending," because the renewal case was a new case and not a continuance of the dismissed case. The trial court's order disposing of the motion for attorneys' fees rendered the first case no longer pending in that court. Accordingly, that order was a final judgment under OCGA § 5-6-34 (a) (1). We reverse the Court of Appeals's dismissal of the discretionary application and remand for consideration of that application.

*Judgment reversed and case remanded. All the Justices concur.*

11