**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

May 12, 2026

# In the Court of Appeals of Georgia

A26A0210. TURNER v. REYNOLDS.

FULLER, Senior Judge.

In this domestic relations case, Willie Turner appeals from the trial court's ruling denying his motion to set aside an order finding him in contempt, arguing that he did not receive proper notice of the contempt hearing. As set forth below, we agree and reverse.

"A trial court's decision regarding a motion to set aside a judgment will not be reversed absent a showing of manifest abuse of discretion." *Williams v. Contemporary Servs. Corp.*, 325 Ga. App. 299, 300 (750 SE2d 460) (2013) (quotation marks omitted). A trial court abuses its discretion when its ruling "is unsupported by any evidence of

record" or "misstates or misapplies the relevant law." *Eagle Jets, LLC v. Atlanta Jet, Inc.*, 347 Ga. App. 567, 576(2)(c) (820 SE2d 197) (2018) (quotation marks omitted).

Turner and his ex-wife, Toni Reynolds, divorced in 2019. In 2024, Reynolds filed in DeKalb County Superior Court a pro se petition for contempt, alleging that Turner owed her back child support, had failed to provide their minor child with medical insurance or pay for the child's orthodontia, and owed her additional sums under the divorce decree. Turner filed a pro se response to the petition, disputing the amounts owed and asserting an inability to comply with the divorce decree. The response included Turner's physical mailing address and phone number, but not his email address. The matter was then set for a video hearing. The original order noticing the hearing was served on Turner electronically and by regular mail, but the subsequent rule nisi resetting the hearing for February 5, 2025, was not served by mail.

After Turner failed to appear at the February hearing, the trial court found him in contempt and ordered him incarcerated until he made a purge payment of $5,000. Turner filed a motion to set aside the contempt order pursuant to OCGA § 9-11-60(d)(3) on the basis that he had not been properly notified of the hearing because he never agreed to be electronically served with notices in the case under OCGA § 9-11-

5(f). The trial court denied Turner's motion,[1] and he filed a counseled application for discretionary review, which this Court granted. This appeal follows.

Turner contends the trial court erred in denying his motion to set aside because he was not served with notice of the contempt hearing in the manner prescribed by statute. We agree.

Pursuant to OCGA § 9-11-60(d)(3), a judgment may be set aside based on a "nonamendable defect which appears upon the face of the record or pleadings." One such defect is the failure to comply with the mandatory notice requirement of OCGA § 9-11-6(d). See, e.g., *Randall v. Randall*, 274 Ga. 107, 109(2) (549 SE2d 384) (2001); *Fiffee v. Jiggetts*, 353 Ga. App. 730, 735(2) (839 SE2d 224) (2020).

Notice is fundamental to any legal proceeding. See *Randall*, 274 Ga. at 109(2) ("A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and afford them an opportunity to present their objections." (quotation marks omitted)). Under OCGA § 9-11-6(d), as a general rule, notice of a hearing "shall be served not later than five days before the time specified for the

---

[1] Although the trial court denied Turner's motion to set aside, it vacated the final order's incarceration provision, noting that he had made the purge payment.

3

hearing." Compliance with the notice requirement of OCGA § 9-11-6(d) is mandatory, not discretionary. *Randall*, 274 Ga. at 109(2).

"Service of the notice of a hearing pursuant to OCGA § 9-11-6(d) is governed by OCGA § 9-11-5(b)." *Fiffee*, 353 Ga. App. at 734(2). OCGA § 9-11-5(b) provides that service upon a pro se party "shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address or, if no address is known, by leaving it with the clerk of the court." The statute defines "delivery of a copy" to mean "handing it to the person to be served," "leaving it at the person to be served's dwelling house or usual place of abode with some person of suitable age and discretion residing therein," or "transmitting a copy via email in portable document format (PDF) to the person to be served using all email addresses provided pursuant to subsection (f) of [the statute] and showing in the subject line of the email message the words 'STATUTORY ELECTRONIC SERVICE' in capital letters." OCGA § 9-11-5(b).

Furthermore, OCGA § 9-11-5(f)(1), which governs "[e]lectronic service of pleadings," provides:

> A person to be served *may consent* to being served with pleadings electronically by:

(A) [f]iling a notice of consent to electronic service and including the person to be served's email address or addresses in such pleading; or

(B) [i]ncluding the person to be served's email address or addresses in or below the signature block of the complaint or answer, as applicable to the person to be served.

(Emphasis supplied.) Importantly, forms of service other than those specified in OCGA § 9-11-5(b) "are insufficient" to satisfy the requirements of OCGA § 9-11-6(d) for providing notice of a hearing. *Fiffee*, 353 Ga. App. at 735 –37(2) (reversing trial court's denial of a motion to set aside the judgment on the basis that notice by facsimile was insufficient to satisfy OCGA § 9-11-5(b)).

In this case, the trial court determined that Turner necessarily electronically filed his answer to the petition for contempt,[2] such that he was aware or should have been aware that notices from the court would come electronically as well. The court also pointed to a standing order requiring electronic filing in all of its civil cases and requiring parties to petition for relief from the electronic filing requirement.[3] Because

---

[2]According to the trial court's order, its Clerk of Court's Office no longer accepts paper copies of documents.

[3] This order is not a part of the record on appeal, but DeKalb County Superior Court's Order Implementing Electronic-Filing for Civil Cases, issued on December

5

Turner had not been granted relief from electronic filing and had been notified of the February hearing by email and through the trial court's electronic docket, the court concluded that he was provided with proper notice, and it thereby declined to set aside its contempt order.

Although OCGA § 9-11-5(b) allows notice to be delivered via email, that authorization is limited by the plain language of the statute to "email addresses provided pursuant to subsection (f)." See generally *Cook-Rose v. Waffle House, Inc.*, 320 Ga. 567, 569(2) (910 SE2d 562) (2024) (explaining that an appellate court "must afford the statutory text its plain and ordinary meaning, . . . view the statutory text in the context in which it appears, and . . . read the statutory text in its most natural and reasonable way" (quotation marks omitted)). And OCGA § 9-11-5(f)(1) is clear that a person may consent to electronic filing only by filing a notice of consent or by including his email address in or below the signature block of the complaint or answer. See id. Here, the record does not indicate that Turner filed a notice of consent to electronic service. Nor did he include his email address in or below the signature block of his response to the petition for contempt, which we construe as an answer for the

_____

27, 2016, can be viewed on its website at https://www.dksuperiorclerk.com/civil/.

purpose of applying OCGA § 9-11-5(f)(1)(B). See generally *Razavi v. Emily*, 371 Ga. App. 878, 882(3) (903 SE2d 153) (2024) ("It is well settled that our appellate courts look to the substance of a pleading, not merely its nomenclature."). While Turner did include his email address in the pre-printed signature blocks of the verification and certificate of service filed with his response, neither of those filings can be construed as an answer. And to the extent that DeKalb County Superior Court's standing order requiring electronic filing contravenes OCGA §§ 9-11-5 and 9-11-6, the standing order is void. See *Raintree Farms, Inc. v. Stripping Ctr., Ltd.*, 166 Ga. App. 848, 849(1) (305 SE2d 660) (1983) (explaining that to the extent that a local rule conflicts with the Civil Practice Act, the local rule is void).

Because Turner did not consent to electronic service within the meaning of OCGA § 9-11-5(f)(1), he did not receive notice of the contempt hearing as required by OCGA § 9-11-6(d), and the trial court thereby abused its discretion in denying his motion to set aside. See, e.g., *Fiffee*, 353 Ga. App. at 737(2); *Saturday Enters., Inc. v. Citizens Bank & Trust of W. Ga.*, 308 Ga. App. 491, 492 (707 SE2d 875) (2011).

*Judgment reversed. Doyle, P. J., and Davis, J., concur.*